UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PERL FELBERBAUM,

                            Petitioner,

                -against-

YAAKOV FELBERBAUM,

                            Respondent.

**ORDER**

24-CV-02333 (PMH)

PHILIP M. HALPERN, United States District Judge:

Perl Felberbaum ("Petitioner") commenced this action by filing a petition on March 27, 2024 against Yaakov Felberbaum ("Respondent"), seeking relief pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, International Child Abduction Remedies Act,[1] and New York's Uniform Child Custody Jurisdiction and Enforcement Act. (Doc. 1). Petitioner specifies in the Petition the relief being sought, which includes certain provisional relief. (*See* Doc. 1 at 10-12). Petitioner also moves for an Order to Show Cause which seeks provisional relief similar to that identified in the Petition. (Doc. 3).

Federal Rule of Civil Procedure 65(b) provides for the issuance of a temporary restraining order without notice to the adverse party or its attorney *only* if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[1] The Court assumes that Petitioner's citations to 42 U.S.C. §§ 11601, *et seq*., are typographic errors and that she meant to cite 22 U.S.C. §§ 9001, *et seq*., when referencing the International Child Abduction Remedies Act. The Petition should be amended to reflect the proper statutory provisions.

Fed. R. Civ. P. 65. This Court's Individual Practices Rule 4(F) further specifies that motions for a preliminary injunction and/or temporary restraining order shall not be filed as a motion. Additional procedures governing motions brought by order to show cause and for emergency relief, including temporary restraining orders, are set forth in that rule.

While mindful of the exigent circumstances that typically exist in Hague Convention cases, the Court cannot, on the record before it, grant the *ex parte* temporary restraining order and order to show cause proposed by Petitioner. Petitioner has failed to establish the elements of the emergency equitable relief she has requested, and has not satisfied any of the requirements of Rule 65(b) so as to permit issuance of this Order to Show Cause without notice to Respondent.

Accordingly, Petitioner may re-file a proposed Order to Show Cause to correct the deficiencies noted herein, in a format consistent with the form available at https://www.nysd.uscourts.gov/sites/default/files/2018-06/osc_tro.pdf which: (1) separately identifies the emergency relief requested; and (2) is supported by: (i) affidavit(s)/certification(s) as required by Rule 65(b); and (ii) a memorandum of law establishing her entitlement to the relief requested. Upon a proper presentation, the Court will schedule a show cause hearing and, if necessary, schedule an expedited evidentiary hearing on the merits of the Petition.

The Petition, in addition to containing incorrect statutory citations, is also replete with the full and unredacted names and dates of birth of the parties' minor children. Petitioner's amended Petition should correct typographic errors and shall include only the minors' initials and the year of the individuals' birth, in compliance with Federal Rule of Civil Procedure 5.2(a). Petitioner may also amend the Petition to clarify the relief sought so as to mirror that which is being requested in the Order to Show Cause.

The Clerk of Court is respectfully directed to terminate the pending motion (Doc. 3).

**SO ORDERED:**

Dated:    White Plains, New York
          March 29, 2024

_____
PHILIP M. HALPERN
United States District Judge