UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PERL FELBERBAUM,                                          24-CV-02333 (PMH)

                      Plaintiff/Petitioner,

                                                           COMPLAINT/PETITION

       -against-

YAAKOV FELBERBAUM,

                      Defendant/Respondent,
-----------------------------------------------------------------X

       Petitioner, Perl Felberbaum, by her undersigned attorneys, Law Office of Menachem White, PLLC by Aleksandr Khutoryansky, Esq., hereby alleges and states as follows:

       1.      This Petition is brought by the natural mother of the children, B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 (hereinafter referred to as "Children"), to obtain relief pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention") and the implementing legislation within the United States, including the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C.A. §§ 9001 et seq., and New York's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), DRL §§ 75(d), 77 et seq.

       2.      Prior to Respondent's wrongful retention of the children within the State of New York, the Children habitually resided with their mother, Petitioner Perl Felberbaum, in Bnei Brak, Israel.

       3.      Prior to Respondent's wrongful retention of the Children within the State of New York, Petitioner possessed valid rights of custody and was exercising such rights of custody over the Children in Bnei Brak, Israel.

4.  Petitioner hereby seeks an Order pursuant to the Hague Convention, ICARA and UCCJEA directing the return of the Children to Petitioner, together with the provisional relief requested herein and such other and further relief as may be granted by the court.

## RELEVANT STATUTES

5.  The Hague Convention went into effect within the United States on July 1, 1988, and applies to disputes involving child abduction and the wrongful retention of children from inter alia Israel.

6.  The objects of the Hague Convention are:

    a.  To secure the prompt return of children wrongfully removed or retained in any Contracting State (Article 1(a)); and

    b.  To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States (Article 1(b)).

7.  The United States implemented the Hague Convention by enacting ICARA, 22 U.S.C.A. §§ 9001 et seq. in 1988. Under § 11601(b)(4) of ICARA, federal district courts are authorized to determine the merits of wrongful abduction and retention claims arising under the Hague Convention, but are not authorized to consider the merits of the underlying custody dispute between the parties, if any.

8.  The UCCJEA was adopted by New York in 2002.

9.  The object of the UCCJEA is to "provide an effective mechanism to obtain and enforce orders of custody and visitation across state lines." DRL § 75(2).

## JURISDICTION

10. This court has subject matter jurisdiction over Petitioner's claims pursuant to 42 U.S.C.A. § 11603(a) of ICARA, which provides that the courts of the States and the United States district courts shall have concurrent original jurisdiction over actions arising under the Convention.

11. This court has supplemental subject matter jurisdiction over Petitioner's UCCJEA claim pursuant to 28 U.S.C.A. § 1367.

12. This court has personal jurisdiction over the Respondent, as, upon information and belief, Respondent resides within this Court's jurisdiction and is currently present within the jurisdiction of this court.

## STATEMENT OF FACTS

A. The Parties

13. The Petitioner, Perl Felberbaum, was born in Israel, and is a citizen of Israel.

14. The Respondent, up and until April of 2023, Yaakov Felberbaum resided at 39 Ezrat Street, Bnei Brak, Israel.

15. Upon information and belief, the Respondent was born in Brooklyn, New York, and is a citizen of the United States.

16. Upon information and belief, the Respondent currently resides at 80 Meron Road, Monsey, New York 10952.

17. The Petitioner and Respondent were married in the city of Bnei Brak, Israel on November 2, 2011. Annexed hereto as **Exhibit A** is the Marriage Certificate of the parties.

18. Petitioner and Respondent are the natural parents of the children, namely: B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, who were both born in New York. Annexed hereto as **Exhibit B** are the Birth Certificates of the subject children.

19. The Children's Habitual Residence was and continues to be in Bnei Brak, Israel despite Respondent's Wrongful Retention of the Children in New York.

20. The Respondent took the Children to New York on or about April of 2023 for Passover holiday and has refused to return the children to Israel since then. The Respondent and the children were originally supposed to return back to Israel prior to April 18, 2023.

21. From March, 2019 until the children went on their aforementioned Passover holiday, the children habitually resided with Petitioner in Bnei Brak, Israel.

22. The Hague Convention applies where a child under the age of sixteen (16) years has been removed from his or her habitual residence in breach of rights of custody of a petitioner, which the petitioner had been exercising at the time of the wrongful removal or wrongful retention of the child. Convention, Article 4.

23. B.F., Date of Birth May 1, 2014 is now nine (9) years old and M.F., Date of Birth September 11, 2015, is now eight (8) years old.

24. Prior to the Respondent's wrongful retention of the Children within the State of New York commencing in April of 2023, they were habitual residents of Israel within the meaning of the Hague Convention, residing with their natural mother in Bnei Brak, Israel.

25. Petitioner has valid rights and custody over the Children under Israel law.

26. Petitioner was exercising valid rights of custody over the Children in Bnei Brak, Israel, within the meaning of Articles Three and Five of the Hague Convention, prior to Respondent's wrongful retention of them in New York commencing in April of 2023.

27. On or about March, 2023, Petitioner agreed to allow the children to visit United States with the Respondent, with the agreement and/or understanding that the Children would be returned to Petitioner in Bnei Brak, Israel in late April of 2023.

28. Respondent has wrongfully retained the Children in the United States in violation of the Hague Convention, and has failed to return the Children to Petitioner in Israel as previously agreed.

29. Despite Petitioner's repeated requests to return the Children, Respondent has refused to do so.

30. Respondent continues to wrongfully retain the Children in the United States, despite requests and efforts on Petitioner's part to have the Children returned to Israel.

31. Respondent also continues to wrongfully obstruct Petitioner's access to the Children within the State of New York.

32. Petitioner filed an Application with the Central Authority of the Official Solicitor's Office in Israel on November 15, 2023, requesting that the Central Authority act on Petitioner's behalf to secure the return of the Children back to Petitioner in Israel. Annexed hereto as **Exhibit C** is the application of the Petitioner.

33. The International Child Abduction and Contact Unit of the Official Solicitor's Office in Bnei Brak, Israel issued a letter directed to the United States Department of State, Office of Children's Issues, on July 6, 2022, transmitting Petitioner's Application. Annexed hereto as **Exhibit D** is the letter sent to the United States Department of State.

34. Respondent has frustrated Petitioner's efforts to secure the return of her Children back to Israel, by relocating to New York State with the Children without providing notice to Petitioner of Respondent's intentions.

35. Respondent has further acted to obstruct and continues to restrict Petitioner's telephone communications with the Children, including by recently disconnecting the telephone number Petitioner was using to communicate with the Children.

36. Upon information and belief, Respondent and the Children are currently residing at 80 Meron Road, Monsey, New York 10952, in the State of New York, County of Rockland.

37. Pursuant to Article 12 of the Convention, [w]here a child has been wrongfully removed or retained in terms of Article 3 and, at the date of the commencement of the proceedings before the judicial or administrative authority of the Contracting State where the child is, a period of less than one year has elapsed from the date of the wrongful removal or retention, the authority concerned shall order the return of the child forthwith.

38. Although more than a year has elapsed since Respondent and the Children entered the United States, Petitioner was unaware that this was a permanent relocation for the Respondent with the Children and as soon as Petitioner realized that fact, she immediately contacted officials as outlined above.

39. Respondent has wrongfully retained the Children's habitual country of residence, without Petitioner's consent or permission, and in violation of the valid rights of residential custody of the Petitioner.

40. Petitioner is also being denied access to her children in violation of the Hague Convention. In addition to Respondent's wrongful retention of the Children within the State of New York in violation of the Hague Convention.

## REQUEST FOR ENTRY OF AN ORDER DIRECTING THE RETURN OF THE CHIDLREN TO PETITIONER FORTHWITH

41. Petitioner requests that the court enter an Order, pursuant to Article 12 of the Convention, directing that Respondent return the Children to Petitioner's care and custody in Bnei Brak, Israel forthwith.

## REQUEST FOR EXPEDITED HEARING

42. Petitioner requests that an expedited hearing pursuant to Article 11 of the Convention and DRL § 77-g(3), take place concurrently in the interests of justice.

43. 44. Pursuant to 42 U.S.C.A. § 11603(c), Petitioner requests that Respondent shall be given notice of hearing pursuant to the Court Rules.

**PROVISIONAL RELIEF**

44. Pending further hearing in this court, it is requested that this court issue an immediate order prohibiting the removal of the Children from the jurisdiction of this court, taking into custody for safe-keeping by the court all of the Childrens' and Respondent's travel documents (including passports and visas), and setting an expedited hearing on the Petition for the Return of the Children to Petitioner pursuant to 42 U.S.C.A. § 11604.

45. Pending further hearing in this court, it is requested that this court issue an immediate order directing that the name of the Children be entered into the national police computer database in the missing person's section.

46. Petitioner requests, for the well-being of the Children, pending further hearing in this court that Petitioner be given immediate access/information including, but not limited to: (a) information regarding his whereabouts of the Children, (b) a telephone number at which the Children can be reached, and (c) regular access, via telephone, to the Children.

47. Pursuant to Article 16 of the Hague Convention, Petitioner requests that this court stay any and all proceedings that Respondent may have commenced, or may commence in the future, before the courts of the State of New York or any other state or territory of the United States, concerning the custody of the Children, pending a determination under the Hague Convention of this Petition.

48. Section 5(b) (Provisional Remedies) of ICARA provides, inter alia, that, in a proceeding under Section 4(b) for the return of a child, "No court exercising jurisdiction … may … order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied." 42 U.S.C.A. § 11604.

49. In New York, the UCCJEA is the source for statutory law governing, inter alia, the resolution of both domestic and international child custody disputes. DRL § 76-i(1) authorizes this court to order the appearance of the child and custodian together. Therefore, this court has the authority to order the immediate appearance of Respondent and of the Children together.

50. Furthermore, the Respondent has violated Israeli law by taking and keeping the Children in the United States without consent of the Petitioner.

51. Furthermore, Petitioner requests that the court issue an Order to Show Cause, and direct that said Order be served immediately by United States Marshals Office on Respondent, directing that he appear before this court at the hearing along with the Children.

RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this court:

a. grant Judgment in favor of Petitioner directing that the Children be returned forthwith to Petitioner's care and custody in Israel, pursuant to Article 12 of the Convention; and

b. Issue an immediate Order prohibiting the Childrens' removal from the jurisdiction of this court, pending the court's hearing and determination on this Petition, which Order shall temporarily restrain Respondent, and any person acting in concert with or participating with Respondent, from taking any action to remove the Children from the jurisdiction of this court pending a hearing and determination on this Petition; and

c. Issue an Order directing that Respondent surrender into the custody of this court Respondent's and the Childrens' travel documents (including passports and visas), pending a determination of this Petition pursuant to 42 U.S.C.A. § 11604; and

d. Direct that the name of the Children shall be entered into the National Crime Information Center (NCIC) computer database in the missing persons section; and

e. Issue an Order directing Respondent to advise Petitioner's counsel and this court in writing of Respondent's and the Childrens' current address, current telephone number and other contact information to facilitate Petitioner's access to the Children, and that pending a hearing and determination on the merits of the Petition, Respondent shall notify Petitioner's counsel and this court immediately of any change or contemplated change in such contact information; and

f. Issue an Order directing Respondent shall allow Petitioner access to the Children for telephonic and personal visitation; and

g. Direct respondent to appear at this court with the Children at an expedited hearing to show cause why the Children should not be returned to Petitioner's care and custody forthwith pursuant to the Hague Convention, ICARA and the New York's UCCJEA; and

h. Issue an Order staying any proceedings in any Court in the State of New York or any other state or territory of the United States concerning the custody of the Children as required by Article 16 of the Convention; and

i. Grant such other and further relief as this court may deem just and proper, including but not limited to reimbursement of Petitioner's costs in this action, as well as Petitioner's attorneys' fees, pursuant to 42 U.S.C.A. § 11607(b)(3).

Dated:	May 31, 2024

Woodmere, New York

_____
Aleksandr Khutoryansky, Esq.
Attorney for Petitioner
Law Office of Menachem White
4 Brower Avenue, Suite 3
Woodmere, New York 11598
(516) 504-4101

I, P.F., declare verify under penalty of perjury under the laws of the <u>United States</u> that the foregoing is true and correct. Further, I certify that I am qualified and authorized to file this Petition.

Executed on May 28, 2024.

*PERL FELBERBAUM*

Signature