UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

PEARL FELBERBAUM,                                              24-CV-02333 (PMH)

                            Plaintiff/Petitioner,         <u>ORDER TO SHOW CAUSE FOR
                                                          PRELIMINARY INJUNCTION
                                                          AND TEMPORARY
                                                          RESTRAINING ORDER</u>

            – against –

YAAKOV FELBERBAUM,

                            Defendant/Respondent,
-----------------------------------------------------------------x

              ORDERED, that the above named Defendant/Respondent show cause before

a motion term of this Court, at Room____, United States Courthouse, 500 Pearl Street, in the

City, County and State of New York, on_____,_____, at

_____o'clock in the_noon thereof, or as soon thereafter as counsel may

be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of

Civil Procedure Ordering

1. The defendant during the pendency of this action to Issue an immediate
   Order prohibiting the Children's (B.F., Date of Birth May 1, 2014 and
   M.F., Date of Birth September 11, 2015) removal from the jurisdiction of
   this court; and

2. Pursuant to the International Child Abduction Remedies Act (ICARA), 22
   U.S.C. §§ 9001-9011, and the Hague Convention on the Civil Aspects of Child
   Abduction, Oct. 25, 1980, TIAS 11,670, 1343 UNTS 98, directing that the
   parties' minor Children, be repatriated to Israel, on the grounds that (i)
   Respondent has wrongfully retained the Children in the United States in

violation of Petitioner's rights of custody, and (ii) the Israel is the Children's state of habitual residence;

3. Pursuant to ICARA, 22 U.S.C. § 9004, granting any and all appropriate provisional remedies, including surrender of Respondent's and the Children's passports, pending determination of this action;

4. Pursuant to Hague Convention art. 2, ICARA, 22 U.S.C. § 9003, and Fed. R. Civ. P. 40, formally according priority to the present action; and

5. Pursuant to ICARA, 22 U.S.C. § 9007(b), awarding Petitioner the costs, counsel fees, and expenses incurred in the prosecution of this action;

6. Grant Judgment in favor of Petitioner directing that the Children be returned forthwith to Petitioner's care and custody in Israel, pursuant to Article 12 of the Convention; and

7. Issue an immediate Order prohibiting the Children's removal from the jurisdiction of this court, pending the court's hearing and determination on this Petition, which Order shall temporarily restrain Respondent, and any person acting in concert with or participating with Respondent, from taking any action to remove the Children from the jurisdiction of this court pending a hearing and determination on this Petition; and

8. Issue an Order directing that Respondent surrender into the custody of this court Respondent's and the Childrens' travel documents (including passports and visas), pending a determination of this Petition pursuant to 42 U.S.C.A. § 11604; and

9. Direct that the name of the Children be entered into the National Crime Information Center (NCIC) computer database in the missing persons section; and

10. Issue an Order directing Respondent to advise Petitioner's counsel and this court in writing of Respondent's and the Childrens' current address, current telephone number and other contact information to facilitate Petitioner's access to the Children, and that pending a hearing and determination on the merits of the Petition, Respondent shall notify Petitioner's counsel and this court immediately of any change or contemplated change in such contact information; and

11. Issue an Order directing Respondent to allow Petitioner access to the Children for telephonic and personal visitation; and

12. Direct Respondent to appear at this court with the Children at an expedited hearing to show cause why the Children should not be returned to Petitioner's care and custody forthwith pursuant to the Hague Convention, ICARA and the New York's UCCJEA; and

13. Issue an Order staying any proceedings in any Court in the State of New York or any other state or territory of the United States concerning the custody of the Children, as required by Article 16 of the Convention; and

14. Grant such other and further relief as this court may deem just and proper, including but not limited to reimbursement of Petitioner's costs in this action, as well as Petitioner's attorneys' fees, pursuant to 42 U.S.C.A. § 11607(b)(3).

and it is further

ORDERED that, sufficient reason having been shown therefor, pending the hearing of plaintiff's application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., it is hereby

1. ORDERED that, pursuant to ICARA, 22 U.S.C. § 9004, Respondent shall produce Respondent's and the Children's passports in court on the return date of this Order to Show Cause; and it is further

2. ORDERED that Respondent's answer and/or other responsive papers shall be served via the Electronic Case Filing (ECF) system on Petitioner's attorney;

3. ORDERED that, as mandated by ICARA, 22 U.S.C. § 9003(c), the initial process in this action shall be filed by presenting an Order to Show Cause, in accordance with applicable state law governing process in interstate child custody proceedings, i.e., N.Y. Family Court Act § 651(b); and it is further;

4. ORDERED that personal service of a copy of this order and annexed affidavit upon the Defendant/Respondent or his counsel on or before_____o'clock in the__noon, _____, _____, shall be deemed good and sufficient service thereof.


DATED: New York, New York

ISSUED:

_____


_____
                    United States District Judge