UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

P.F. ,                                                                                              24-CV-02333 (PMH)

                       Petitioner,

                                                                                                                AMENDED
                                                                                                               PETITION

         -against-


Y.F.,

                      Respondent,
------------------------------------------------------------X

      Petitioner, P.F. , by her undersigned attorneys, Law Office of Menachem White, PLLC by Menachem White, Esq., hereby alleges and states as follows:

      1.      This Petition is brought by the natural mother of the children, B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, to obtain relief pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention") and the implementing legislation within the United States, including the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C.A. §§ 9001 et seq., and New York's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), DRL §§ 75(d), 77 et seq.

      2.      Prior to Respondent's wrongful retention of the children, B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, in New York in violation of the Convention, B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, habitually resided with his mother, Petitioner P.F. , in Bnei Brak, Israel.

      3.      Prior to Respondent's wrongful retention of B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 in New York, Petitioner possessed valid rights of custody

and was exercising rights of custody over B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 in Bnei Brak, Israel.

4. 4. Petitioner hereby seeks an Order pursuant to the Hague Convention, ICARA and UCCJEA directing the return of B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 to Petitioner, together with the provisional relief requested herein and such other and further relief as may be granted by the court.

## RELEVANT STATUTES

5. The Hague Convention went into effect within the United States on July 1, 1988, and applies to disputes involving child abduction and the wrongful retention of children from inter alia Israel.

6. The objects of the Hague Convention are:

   a. To secure the prompt return of children wrongfully removed or retained in any Contracting State (Article 1(a)); and

   b. To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States (Article 1(b)).

7. The United States implemented the Hague Convention by enacting ICARA, 22 U.S.C.A. §§ 9001 et seq. in 1988. Under § 11601(b)(4) of ICARA, federal district courts are authorized to determine the merits of wrongful abduction and retention claims arising under the Hague Convention, but are not authorized to consider the merits of the underlying custody dispute between the parties, if any.

8. The UCCJEA was adopted by New York in 2002.

9. The object of the UCCJEA is to "provide an effective mechanism to obtain and enforce orders of custody and visitation across state lines." DRL § 75(2).

**JURISDICTION**

10. This court has subject matter jurisdiction over Petitioner's claims pursuant to 42 U.S.C.A. § 11603(a) of ICARA, which provides that the courts of the States and the United States district courts shall have concurrent original jurisdiction over actions arising under the Convention.

11. This court has supplemental subject matter jurisdiction over Petitioner's UCCJEA claim pursuant to 28 U.S.C.A. § 1367.

12. This court has personal jurisdiction over Respondent, as, upon information and belief, Respondent resides within and is present within the jurisdiction of this court.

**STATEMENT OF FACTS**

A. The Parties

13. The Petitioner, P.F., was born in Israel, and is a citizen of Israel.

14. The Petitioner resides at 39 Ezrat Street, Bnei Brak, Israel.

15. Upon information and belief, the Respondent, Y.F., was born in Brooklyn, New York, and is a citizen of the United States.

16. Upon information and belief, the Respondent currently resides at 80 Meron Road, Monsey, New York 10952.

17. The Petitioner and Respondent were married in the city of Bnei Brak, Israel on November 2, 2011. Annexed hereto as **Exhibit A** is the Marriage Certificate of the parties.

18. Petitioner and Respondent are the natural parents of the children, B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, who were born in New York. Annexed hereto as **Exhibit B** are the Birth Certificates of the children.

19. B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015's Habitual Residence in Israel prior to Respondent's Wrongful Retention of the Children in New York.

20. The Respondent took the children to New York in April, 2023 for Passover and has refused to return the children to Israel since then. The Respondent and the children were supposed to return before April 18, 2023.

21. From March, 2023 until the wrongful retention of B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 by Respondent, B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, habitually resided with Petitioner in Bnei Brak, Israel.

22. The Hague Convention applies where a child under the age of sixteen (16) years has been removed from his or her habitual residence in breach of rights of custody of a petitioner, which the petitioner had been exercising at the time of the wrongful removal or wrongful retention of the child. Convention, Article 4.

23. B.F., Date of Birth May 1, 2014 is now nine (9) years old and M.F., Date of Birth September 11, 2015, is now eight (8) years old.

24. Prior to the wrongful retention of B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, by Respondent in the State of New York commencing in April, 2023, B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, were habitual residents of Israel within the meaning of the Hague Convention, residing with his natural mother in Bnei Brak, Israel.

C. Petitioner's Exercise of Rights of Custody over B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, Prior to Respondent's Wrongful Retention of the Child

25. Petitioner has valid rights of custody over B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, under Israel law.

26. Petitioner was exercising valid rights of custody over B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 in Bnei Brak, Israel, within the meaning of Articles Three and Five of the Hague Convention, prior to the wrongful retention of B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 by Respondent in New York commencing in April. 2022.

D. Respondent's Wrongful Retention of B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015

27. Petitioner agreed to allow B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 to visit with Respondent in the United States in March, 2022, with the agreement with Respondent that B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, would return to Petitioner in Bnei Brak, Israel in April, 2023.

28. Respondent has wrongfully retained B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 in the United States in violation of the Hague Convention, and has failed to return B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, to Petitioner in the first week of April, 2023 as agreed, notwithstanding Petitioner's requests.

29. Respondent continues to wrongfully retain B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, in the United States, despite requests and efforts on Petitioner's part to have B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, returned to Israel.

30. Respondent also continues to wrongfully obstruct Petitioner's access to B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 in New York.

31. Petitioner filed an Application with the Central Authority of the Official Solicitor's Office in Israel on November 15, 2023, requesting that the Central Authority act on Petitioner's behalf to secure the return of B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, to Petitioner in Israel. Annexed hereto as **Exhibit C** is the application of the Petitioner.

32. The International Child Abduction and Contact Unit of the Official Solicitor's Office in Bnei Brak, Israel issued a letter directed to the United States Department of State, Office of Children's Issues, on July 6, 2022, transmitting Petitioner's Application. Annexed hereto as **Exhibit D** is the letter sent to Respondent from the United States Department of State.

33. Respondent has frustrated Petitioner's efforts to secure the return of B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 to Israel, by relocating without providing notice to Petitioner of Respondent's or B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015.

34. Respondent has further acted to obstruct and restricting Petitioner's telephone communications with B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, including by recently disconnecting the telephone number Petitioner was using to communicate with B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015.

35. Upon information and belief, Respondent and B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, are currently residing at 80 Meron Road, Monsey, New York 10952, in the State of New York, County of Rockland.

36. Pursuant to Article 12 of the Convention, [w]here a child has been wrongfully removed or retained in terms of Article 3 and, at the date of the commencement of the proceedings before the judicial or administrative authority of the Contracting State where the child is, a period

of less than one year has elapsed from the date of the wrongful removal or retention, the authority concerned shall order the return of the child forthwith.

37. Less than one year has elapsed from the date of the Respondent's wrongful retention of B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, beginning on or about April 7, 2023.

38. Respondent has wrongfully retained B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 in the United States away from B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015's habitual country of residence, without Petitioner's consent or permission, and in violation of the valid rights of custody of Petitioner.

39. Petitioner is also being denied access to her children in violation of the Hague Convention, in addition to Respondent's wrongful retention of B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 in New York in violation of the Hague Convention.

REQUEST FOR ENTRY OF AN ORDER DIRECTING THE RETURN OF B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 TO PETITIONER FORTHWITH

40. Petitioner requests that the court enter an Order, pursuant to Article 12 of the Convention, directing that Respondent return B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 to Petitioner's care and custody in Bnei Brak, Israel forthwith.

**REQUEST FOR EXPEDITED HEARING**

41. Petitioner requests that an expedited hearing pursuant to Article 11 of the Convention and DRL § 77-g(3), take place concurrently in the interests of justice.

42. 44. Pursuant to 42 U.S.C.A. § 11603(c), Petitioner requests that Respondent shall be given notice of hearing pursuant to the New York Court Rules.

**PROVISIONAL RELIEF**

43.     Pending further hearing in this court, it is requested that this court issue an immediate order prohibiting the removal of B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, from the jurisdiction of this court, taking into custody for safe-keeping by the court all of B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015's and Respondent's travel documents (including passports and visas), and setting an expedited hearing on the Petition for the Return of Child to Petitioner pursuant to 42 U.S.C.A. § 11604.

44.     Pending further hearing in this court, it is requested that this court issue an immediate order directing that the name of the child, B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, be entered into the national police computer system in the missing person's section.

45.     Petitioner requests, for the well-being of the child, that Petitioner be given immediate access to B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, pending further hearing in this court, including, but not limited to: (a) information regarding his whereabouts, (b) a telephone number at which he can be reached, and (c) regular access, via telephone, to B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015,

46.     Pursuant to Article 16 of the Hague Convention, Petitioner requests that this court stay any and all proceedings that Respondent may have commenced, or may commence in the future, before the courts of the State of New York or any other state or territory of the United States, concerning the custody of B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, pending a determination under the Hague Convention of this Petition.

47. Section 5(b) (Provisional Remedies) of ICARA provides, inter alia, that, in a proceeding under Section 4(b) for the return of a child, "No court exercising jurisdiction … may … order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied." 42 U.S.C.A. § 11604.

48. In New York, the UCCJEA is the source for statutory law governing, inter alia, the resolution of both domestic and international child custody disputes. DRL § 76-i(1) authorizes this court to order the appearance of the child and custodian together. Therefore, this court has the authority to order the immediate appearance of Respondent and of B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 together.

49. Furthermore, the father has violated Israeli law by taking the child to the United States.

50. Furthermore, Petitioner requests that the court issue an Order to Show Cause, and direct that said Order be served immediately by United States Marshals Office on Respondent Y.F., directing that Respondent appear before this court at the hearing along with B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015.

51. Furthermore, your affirmant has given FRCP 65B, notice that your affirmant will be filing this Emergency Motion with the underlying relief. Annexed hereto as Exhibit E is the email sent to counsel for the Respondent in the family court matter.

RELIEF REQUESTED

WHEREFORE, Petitioner P.F. respectfully requests that the court:

a. grant Judgment in favor of Petitioner directing that B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 be returned forthwith to Petitioner's care and custody in Israel, pursuant to Article 12 of the Convention; and

b.  Issue an immediate Order prohibiting B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015's removal from the jurisdiction of this court, pending the court's hearing and determination on this Petition, which Order shall temporarily restrain Respondent, and any person acting in concert with or participating with Respondent, from taking any action to remove B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 from the jurisdiction of this court pending a hearing and determination on this Petition; and

c.  Issue an Order directing that Respondent surrender into the custody of this court Respondent's and B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015's travel documents (including passports and visas), pending a determination of this Petition pursuant to 42 U.S.C.A. § 11604; and

d.  Direct that the name of the child shall be entered into the National Crime Information Center (NCIC) computer database in the missing persons section; and

e.  Issue an Order directing Respondent to advise Petitioner's counsel and this court in writing of Respondent's and B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015's current address, current telephone number and other contact information to facilitate Petitioner's access to B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, and that, pending a hearing and determination on the merits of the Petition, Respondent shall notify Petitioner's counsel and this court immediately of any change or contemplated change in such contact information; and

f.  Issue an Order directing Respondent shall allow Petitioner access to B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 for telephonic and personal visitation; and

g.  Direct respondent to appear at this court with B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 at an expedited hearing to show cause why B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 should not be returned to Petitioner's care and custody forthwith pursuant to the Hague Convention, ICARA and the New York's UCCJEA; and

h.  Issue an Order staying any proceedings in any Court in the State of New York or any other state or territory of the United States concerning the custody of B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, as required by Article 16 of the Convention; and

i.  Grant such other and further relief as this court may deem just and proper, including but not limited to reimbursement of Petitioner's costs in this action, as well as Petitioner's attorneys' fees, pursuant to 42 U.S.C.A. § 11607(b)(3).

Dated:   March 19, 2024

   Woodmere, New York

   _____

   Menachem White, Esq.
   Attorney for Petitioner
   Law Office of Menachem White
   4 Brower Avenue, Suite 3
   Woodmere, New York 11598
   (516) 504-4101