UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PERL FELBERBAUM,<br><br>                Petitioner,<br><br>-against-<br><br>YAAKOV FELBERBAUM,<br><br>                Respondent. | **ORDER**<br><br>24-CV-02333 (PMH) |

PHILIP M. HALPERN, United States District Judge:

      Perl Felberbaum ("Petitioner") commenced this action by filing a petition on March 27, 2024 against Yaakov Felberbaum ("Respondent"). (Doc. 1). Petitioner also moved for an Order to Show Cause seeking provisional relief similar to that identified in the Petition. (Doc. 3). On March 29, 2024, the Court issued an Order which permitted Petitioner to re-file a proposed Order to Show Cause and Amended Petition to correct the deficiencies highlighted in the Court's Order. (Doc. 4). Almost three months later, on June 24, 2024, Petitioner attempted to file a document entitled "Complaint/Petition" but the filing was rejected for various deficiencies by the Clerk of Court. (Doc. 6; June 25, 2024 Doc. Entry). On July 8, 2024, the Court issued an Order which warned Petitioner that this action would be dismissed without prejudice unless, on or before July 15, 2024, Petitioner either: (i) files to the ECF docket proof of service, indicating Respondent was served on or before June 25, 2024; or (ii) shows good cause in writing for the failure to comply with Fed. R. Civ. P. 4(m). (Doc. 7). On July 9 and July 11, 2024, Petitioner attempted to re-file her pleading, but the filings were rejected by the Clerk of Court. (Doc. 8, Doc. 9, Doc. 10).

      On July 11, 2024, Petitioner filed a document entitled "Amended Complaint/Petition" (Doc. 11) as well as a proposed Order to Show Cause with attachments (Doc. 12) and a letter requesting the Court sign the proposed Order to Show Cause and extend the time to serve

Respondent (Doc. 13). To be clear, the Court's July 8, 2024 Order did not direct Petitioner to serve Respondent with an Order to Show Cause by July 15, 2024. (*See* Doc. 13 ("An Order to Show Cause was filed with the court and a date to serve the Respondent was given for July 15, 2024.")). The Court's July 8, 2024 Order directed Petitioner to prove timely service of process on Respondent or show cause why Petitioner has failed to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

As noted in the Court's July 8, 2024 Order, there is no indication on the docket that Respondent has been served or that the issuance of a summons was ever requested by Petitioner. The "procedural requirement of service of a summons must be satisfied" in order for a federal court to exercise personal jurisdiction over a defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "Service is also specifically required by the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601–11610 (2006) ("ICARA"), which implemented the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, 1343 U.N.T.S. 89 ("Hague Convention")." *Vujicevic v. Vujicevic*, No. 12-CV-07149, 2012 WL 4948640, at *1 (S.D.N.Y. Oct. 15, 2012). "Under ICARA, '[n]otice of an action brought under subsection (b) of this section shall be given in accordance with the applicable law governing notice in interstate child custody proceedings.'" *Id*. (quoting 42 U.S.C. § 11603(c)). "[C]ourts in this district deciding petitions under the Hague Convention have consistently required service on the respondent." *Id*. (citing *Ebanks v. Ebanks*, No. 07-CV-00314, 2007 WL 2591196, at *3 (S.D.N.Y. Sept. 6, 2007)). This Court appears to lack personal jurisdiction over Respondent absent proper service.

To the extent Petitioner, through his July 11, 2024 letter, is requesting that the Court extend the time to serve Respondent, that request is GRANTED, despite Petitioner's failure to establish

good cause (or any cause, for that matter) for the lack of service in this case. Petitioner shall have until **August 26, 2024** to effectuate service of process on Respondent in accordance with ICARA, the laws governing notice in interstate child custody proceedings, and Rule 4 of the Federal Rules of Civil Procedure. Petitioner must request the issuance of a summons in order to effectuate service. Petitioner is referred to the Electronic Case Filing Rules & Instructions for the Southern District of New York for rules and guidance concerning, *inter alia*, requests for the issuance of summonses in this court. Petitioner is warned that failure to timely and properly effectuate service on Respondent by August 26, 2024 will result in dismissal of this action.

With respect to the proposed Order to Show Cause, it is not at all clear to the Court whether Petitioner is requesting the issuance of a temporary restraining order and if she is, what temporary injunctive relief she is seeking. The Court previously directed that in the event Petitioner sought the issuance of an *ex parte* temporary restraining order and order to show cause, she must establish the elements of the emergency equitable relief she has requested as well as the requirements of Rule 65(b). (*See* Doc. 4). The proposed order to show cause must, with sufficient clarity, separately identify the emergency relief requested (*i.e.*, the terms of any temporary restraining order to be issued),[1] must be supported by affidavit(s)/certification(s) as required by Rule 65(b), and must be accompanied by a memorandum of law establishing her entitlement to the relief requested, which must be based upon a factual record that could enable the Court to grant such relief.[2] (*See also*

---

[1] For example, the first paragraph of the proposed Order to Show Cause seeks an Order "Ordering . . . [t]he defendant during the pendency of this action to Issue an immediate Order prohibiting B.F. , , , and M.F. . . .'s removal from the jurisdiction of this Court." (Doc. 12). The language is unclear and the Court is unable to determine if this relief is being sought on an emergency basis (*i.e.*, before any evidentiary hearing is held, on an *ex parte* basis). While it is likely that this is one form of emergency relief Petitioner seeks, the Court cannot and will not attempt to divine what relief Petitioner is seeking and on what basis.

[2] Although Petitioner has now filed a memorandum of law with the re-submitted proposed Order to Show Cause (Doc. 12-1), she does not address the burden of proof for the issuance of an *ex parte* temporary restraining order (to the extent one is being sought), or to obtain a preliminary injunction. The party seeking

Doc. 4). The Court cannot sign the Order to Show Cause proposed by Petitioner in the absence of a sufficient record and due to the deficiencies highlighted herein.

**SO ORDERED:**

Dated:  White Plains, New York
        July 12, 2024

_____
PHILIP M. HALPERN
United States District Judge

---

an injunction must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Glob. Markets, Inc. v. VCG Spec. Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). It is well-established in this Circuit that the standard for entry of a temporary restraining order is the same as for a preliminary injunction. *Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020). Petitioner has not demonstrated with citation to facts in the record (*i.e.*, through affidavits, documents, etc.), how any of the elements for the equitable relief requested are satisfied herein.