UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PERL FELBERBAUM,

                Petitioner,

-against-

YAAKOV FELBERBAUM,

                Respondent.

**ORDER**

24-CV-02333 (PMH)

PHILIP M. HALPERN, United States District Judge:

On December 19, 2024, the Court denied without prejudice Petitioner's first request to serve Respondent with the Order to Show Cause and papers upon which it is based by alternative means. (Doc. 44). As the Court explained in the December 19th Order, Petitioner's application was not made by notice of motion, was comprised of two copies of an unsigned attorney affirmation, and failed to provide "any facts or evidence to demonstrate that the alternate method of service requested is reasonably calculated, under all the circumstances, to provide Respondent with adequate notice of the order to show cause. *See, e.g., Windward Bora LLC v. Edinboro*, 719 F. Supp. 3d 238, 241-42 (E.D.N.Y. 2024)." (*Id.*).

On December 20, 2024, Petitioner attempted to file documents titled on the docket as motions "for Service by Publication" (Doc. 45, Doc. 46), but each were rejected by the Clerk's Office due to filing deficiencies.

On December 24, 2024, Petitioner filed a document captioned "Notice of Motion," which is improperly formatted as an order to show cause why an order of default should not be issued; and requests an order granting: (1) alternative service by email or publication; and (2) a 60-day extension of time to serve Respondent. (Doc. 47). The main document is supported by an attorney affirmation. (Doc. 47-1). The affirmation again does not set forth facts or evidence to demonstrate

that the alternate method of service requested is reasonably calculated to provide Respondent with adequate notice of the order to show cause. Petitioner has simply not provided an adequate basis for this Court to find that alternative service by "email or publication" comports with due process. Petitioner does not provide the email address she proposes to serve, or any information that shows Respondent has ever used that email address. *See, e.g., Ortiz v. CM Pro. Painting Corp.*, No. 21-CV-00821, 2022 WL 784473, at *4 (E.D.N.Y. Mar. 14, 2022); *see also Ehrenfeld v. Salim a Bin Mahfouz*, No. 04-CV-09641, 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (denying alternative service by email because plaintiff "provided no information that would lead the Court to conclude that Defendant maintains the website, monitors the email address, or would be likely to receive information transmitted to the e-mail address."). Again, the Court cannot on this record determine whether service by email would likely lead to Respondent receiving notice. Petitioner also has not established that the proposed alternative method of service by publication alone is warranted. "As a general matter, service by publication is disfavored." *Edinboro*, 719 F. Supp. 3d at 242; *cf Marvici v. Roche Facilities Maint. LLC*, No. 21-CV-04259, 2021 WL 5323748, at *3-4 (S.D.N.Y. Oct. 6, 2021) (permitting "multi-prong approaches to service").

Accordingly, Petitioner's application for alternative service via email or publication is therefore again denied without prejudice to renewal. Should Petitioner elect to file a motion seeking alternative service, she must support that application with facts and evidence that demonstrate that the alternate method of service requested is reasonably calculated to provide Respondent with adequate notice of the order to show cause, such as information concerning the e-mail address she proposes to use and establishing that Defendant would be likely to receive information transmitted to that e-mail address; and propose an approach, which may be a "multi-

2

prong" approach, to service that comports with due process. Petitioner may wish to review the case law cited by the Court in this and the December 19th Order for further guidance.

Because the Court cannot on this record grant Petitioner's request for an alternative method of service, the request for a 60-day extension of time to serve Respondent via alternate service is likewise denied.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 47).

**SO ORDERED:**

Dated: White Plains, New York
December 27, 2024

_____
PHILIP M. HALPERN
United States District Judge