UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
P.F.,

                     Petitioner,

– against –

Y.F.,

                     Respondent,
-----------------------------------------------------------x

24-CV-02333 (PMH)

**REVISED**
**ORDER TO SHOW CAUSE**

ORDERED, that the above named defendant show cause before ~~a motion term~~ Hon. Philip M. Halpern, U.S.D.J., ~~of this Court, at Room ____,~~ United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, on April 11, 2025 at on submission only, no appearances, ~~____ o'clock in the ____ noon thereof,~~ or as soon thereafter as counsel may be heard, why an order of default should not be issued pursuant to Rule 55 of the Federal Rules of Civil Procedure Ordering:

    1.    That the Respondent Y.F. is in default of this case;

    2.    That pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention") and the implementing legislation within the United States, including the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C.A. §§ 9001 et seq., and New York's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), DRL §§ 75(d), 77 et seq., the Defendant Y.F. shall within one week of this Judgment return the children of the marriage B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 to the country of Israel;

    3.    That the Respondent, Y.F. wrongfully removed the children of the marriage, B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, in New York in violation of the Convention, B.F.;

4.  That the children of the marriage, B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, habitually resided with their mother, Petitioner P.F., in Bnei Brak, Israel.

5.  That the Respondent shall surrender Respondent's passport to the Israeli authorities upon landing in Israel;

6.  That this court has subject matter jurisdiction over Petitioner's claims pursuant to 42 U.S.C.A. § 11603(a) of ICARA, which provides that the courts of the States and the United States district courts shall have concurrent original jurisdiction over actions arising under the Convention.

7.  That the plaintiff have judgment against defendant in the liquidated amount of $15,000.00 for attorneys fees dollars with interest at 4.08% from March 27, 2024 amounting to $15,612.00 dollars plus costs and disbursements of this action in the amount of $2,000.00 dollars amounting in all to $17,612.00 dollars.

8.  That this court has supplemental subject matter jurisdiction over Petitioner's UCCJEA claim pursuant to 28 U.S.C.A. § 1367.

9.  That the name of the children shall be entered into the National Crime Information Center (NCIC) computer database in the missing persons section; and

10. That if the Respondent violates this Order, the Respondent shall surrender himself to the United States Marshall's Office for contempt of this Court's Order; and

11. ~~That service of this Order shall be made electronically to the Respondent and such service shall be deemed proper under the Federal Rules.~~  *PMH*

12. That the Petitioner may appear virtually for any court appearances necessary as Petitioner lives in Israel.

and it is further

~~ORDERED, ADJUDGED AND DECREED That the Respondent Y.F. is in default;~~ *PMH*

~~ORDERED, ADJUDGED AND DECREED That pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention") and the implementing legislation within the United States, including the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C.A. §§ 9001 et seq., and New York's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), DRL §§ 75(d), 77 et seq., the Defendant Y.F. shall within one week of this Judgment return the children of the marriage B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 to the country of Israel;~~

~~ORDERED, ADJUDGED AND DECREED that the Respondent, Y.F. wrongfully removed the children of the marriage, B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, in New York in violation of the Convention, B.F.;~~

~~ORDERED, ADJUDGED AND DECREED that the children of the marriage, B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, habitually resided with their mother, Petitioner P.F., in Bnei Brak, Israel.~~

~~ORDERED, ADJUDGED AND DECREED that the Respondent shall surrender Respondent's passport to the Israeli authorities upon landing in Israel;~~

~~ORDERED, ADJUDGED AND DECREED That this court has subject matter jurisdiction over Petitioner's claims pursuant to 42 U.S.C.A. § 11603(a) of ICARA, which provides that the courts of the States and the United States district courts shall have concurrent original jurisdiction over actions arising under the Convention.~~

~~ORDERED, ADJUDGED AND DECREED: That the plaintiff have judgment against defendant in the liquidated amount of $15,000.00 for attorneys fees dollars with interest at 4.08% from March 27, 2024 amounting to $15,612.00 dollars plus costs and disbursements of this action in the amount of $2,000.00 dollars amounting in all to $17,612.00 dollars.~~ *PMH*

~~ORDERED, ADJUDGED AND DECREED that this court has supplemental subject matter jurisdiction over Petitioner's UCCJEA claim pursuant to 28 U.S.C.A. § 1367.~~

~~ORDERED, ADJUDGED AND DECREED that the name of the children shall be entered into the National Crime Information Center (NCIC) computer database in the missing persons section; and~~

~~ORDERED, ADJUDGED AND DECREED that if the Respondent violates this Order, the Respondent shall surrender himself to the United States Marshall's Office for contempt of this Court's Order; and~~

~~ORDERED, ADJUDGED AND DECREED that the Petitioner may appear virtually for any inquests or court appearances;~~

ORDERED that service of a copy of this Order and the papers upon which it is based shall be made upon Respondent, Y.F., by personal service and by e-mail on or before **March 11, 2025**, and such service shall be deemed good and sufficient service. Proof of such service shall be filed on the ECF docket by **March 17, 2025**. *PMH*

Answering papers, if any, shall be filed and served by **April 11, 2025**.

SO ORDERED.

Dated: White Plains, New York
   January 10, 2025

_____
Hon. Philip M. Halpern
United States District Judge

~~ORDERED, ADJUDGED AND DECREED that service of this Order shall be made electronically to the Respondent and such service shall be deemed proper under the Federal Rules.~~

~~DATED:~~

~~White Plains, New York~~

~~ISSUED:~~

_____
United States District Judge