**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

In the Matter of B.F. and M.F.,      )

)

P.F.,      )

)

         Petitioner,      )

)

    vs.      )         No. 7:24-cv-02333-PMH

)

Y.F.      )

)

         Respondent.      )

)
_____)

## PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE FOR DEFAULT JUDGMENT

The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980; International Child Abduction Remedies Act, 22 U.S.C. 9001 _et seq._

Richard Min, Esq.
Michael Banuchis, Esq.
Green Kaminer Min & Rockmore LLP
420 Lexington Avenue, Suite 2821
New York, New York 10170
Telephone: 212-681-6400
Facsimile: 212-681-6999
Email: rmin@gkmrlaw.com;
mbanuchis@gkmrlaw.com

_ATTORNEYS FOR RESPONDENT_
_YAAKOV FELBERBAUM_

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ................................................................................ 1

II. BACKGROUND ................................................................................................... 3

III. PROCEDURAL HISTORY ................................................................................... 4

IV. ARGUMENT ....................................................................................................... 7

   1. This Court Lacks Jurisdiction over Respondent Because Service was Improper. ................... 8

   2. Assuming *Arguendo* that Petitioner is in Default, Good Cause Exists for Setting Aside the

   Entry of Default. ................................................................................................. 11

      a. Respondent's Untimely Appearance was Not Willful. ................................... 12

      b. Petitioner Has Not Demonstrated Prejudice. ............................................... 13

      c. Respondent Has Meritorious Defenses to Petitioner's Claims. ....................... 15

V. CONCLUSION ................................................................................................... 18

## TABLE OF AUTHORITIES

### Cases

*Action S.A. v. Marc Rich & Co.,* Inc., 951 F.2d 504 (2d Cir. 1991) ................................. 12

*Am. All. Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57 (2d Cir. 1996) ......................................... 12, 13, 16

*Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC,* 779 F.3d 182 (2d Cir. 2015) .................................................................... 12

*Calixto v. Lesmes,* 909 F.3d 1079 (11th Cir. 2018) ......................................................... 16

*City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114 (2d Cir. 2011) ................................ 11

*Davis v. Musler,* 713 F.2d 907 (2d Cir. 1983) ................................................................ 14, 16

*Double Green Produce, Inc. v. F. Supermarket Inc.,* 387 F. Supp. 3d 260 (E.D.N.Y. 2019) .......... 8

*Enron Oil Corp. v. Diakuhara,* 10 F.3d 90 (2d Cir. 1993) ...................................................... 12, 15

*Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009)* ....................................................... 8

*Gench v. HostGator.com LLC,* 2015 WL 3757120 (S.D.N.Y. June 17, 2015) ............................. 15

*Gitter v. Gitter,* 396 F.3d 124 (2d Cir. 2005) .................................................................. 16

*In re D.T.J.,* 956 F. Supp. 2d 523 (S.D.N.Y. 2013) ............................................................ 16

*In re Martin–Trigona,* 763 F.2d 503 (2d Cir. 1985) ......................................................... 15

*Johnson v. New York University,* No. 18-3305 (2d Cir. Jan 31, 2020) ...................................... 11

*Licci ex rel. Licci v. Lebanese Canadian Bank,* SAL, 673 F.3d 50 (2d Cir. 2012) ...................... 8

*Maxwell v. Maxwell,* 588 F.3d 245 (4th Cir. 2009) ........................................................... 16

*MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107 (E.D.N.Y. 2014) ................................... 15

*Nam v. Ichiba Inc.,* No. 19-CV-1222 (KAM), 2021 WL 878743 (E.D.N.Y. Mar. 9, 2021) ............ 7

*O'Callaghan v. Sifre,* 242 F.R.D. 69 (S.D.N.Y. 2007) ....................................................... 14

*Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167 (2d Cir. 2001) ........................................... 11, 15

*Salomon v. 1498 Third Realty Corp.*, 148 F.R.D. (S.D.N.Y. 1993) ................................................ 15

*Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333 (S.D.N.Y. 2013)....... 12

*S.E.C. v. McNulty*, No. 94 CIV. 7114 (MBM), 1996 WL 422259 (S.D.N.Y. July 29, 1996), aff'd,

    137 F.3d 732 (2d Cir. 1998) ................................................................................ 13, 15

*Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931, 2023 WL 2664079

    (S.D.N.Y. Mar. 28, 2023) ................................................................................ 14

*Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610 (2d Cir. 1999) ...................................... 8

*Shim-Larkin v. City of New York*, No. 16 Civ. 6099 (AJN) (KNF), 2018 WL 3187327(S.D.N.Y.

    June 28, 2018)…………………………………………………………………………………11

*Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207 (2d Cir. 2010) .................. 8

*Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317 (2d Cir. 1986) .........................................11, 12

*State of New York v. Green*, 420 F.3d 99 (2d Cir. 2005) ......................................................... 7, 14

*Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54 (2d Cir. 2013) .......... 9

*Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL

    6065744 (E.D.N.Y. Dec. 22, 2021) ................................................................... 8

*Wildflower + Co. v. Mood Apparel, Ltd.,* 338 F.R.D. 192 (S.D.N.Y. 2021) ................................. 13

*Windward Bora LLC v. Edinboro*, 719 F. Supp. 3d 238 (E.D.N.Y. 2024) .................................... 12

## <u>Other Authorities</u>

Fed. R. Civ. P. 55..................................................................................................7, 8, 11

Fed. R. Civ. P. 4(e)(1) ..................................................................................................... 8

N.Y.C.P.L.R. § 308..................................................................................................... 9

10A Charles A. Wright, et al., Fed. Practice & Procedure: Civil § 2699 at 169 (3d ed.1998) ..... 14

10A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2699 (4th ed. 2023) .................................................................................................................................. 14

United States through the International Child Abduction Remedies Act, 22 U.S.C. § 9001 et seq. (formerly codified at 42 U.S.C. § 11601 et seq.)……………………………………..*in passim*

Respondent, Yaakov Felberbaum ("Y.F." or "Respondent"), by and through undersigned counsel, respectfully submits this opposition to Petitioner's Order to Show Cause, dated November 19, 2024 (ECF No. 37) and in response to this Court's Revised Order to Show Cause, dated January 13, 2025 (ECF No. 50). Respondent advises at the outset that he is prepared to appear in this proceeding with the goal of resolving the case on the merits.

## I.    PRELIMINARY STATEMENT

Petitioner Perl Felberbaum ("P.F." or "Petitioner") seeks default judgment against Respondent for allegedly failing to respond to Petitioner's Verified Petition. Petitioner's motion should be denied and the case permitted to proceed to trial.

First, Petitioner never effectuated proper service on Respondent.  Petitioner's assertion that Respondent was properly served with the Summons and Complaint on August 30, 2024, is both erroneous and misleading.

The Affidavit of Service filed by Petitioner (ECF No. 23) offers no clear or verifiable information to support that service was properly made. It vaguely states that a "Jane Doe" was served at the listed address but provides no identifying information for this individual, who allegedly refused to provide a name and purportedly stated they would pass the documents along to Respondent. This raises substantial questions about the credibility and sufficiency of service and Respondent denies ever receiving the documents.

Critically, Respondent had vacated the premises at 80 Meron Place, Monsey, New York 10952, listed in the Affidavit of Service (ECF No. 23), on August 7, 2024. This was several weeks prior to the purported date of service. By the alleged date of service on August 30, 2024, Respondent had already established residence at a new address. Further, the Affidavit of Service states in the "Other Identifying Features" section that the person who allegedly accepted service

"would not give name but will give documents to [Respondent]." ECF No. 23.  Notwithstanding, at the time of the alleged service, no individual capable of giving the documents to Respondent resided at the former address. These deficiencies collectively undermine the validity of Petitioner's service claim and demonstrate that Respondent was not properly served in accordance with applicable legal standards.

Further, Petitioner's latest Affidavit of Service (ECF No. 52) indicates that the Default Judgment Order to Show Cause with Exhibits was served on Respondent personally outside of Alley Valley Clinic – the Children's therapy clinic –  on March 11, 2025. Notwithstanding, at the time of service (5:01pm), Respondent was in his car with B.F., on his way to pick up M.F. from his weekly therapy session at the Alley Valley Clinic. M.F. (age 9) informed his father that someone had given him some papers, which he then gave to his therapist. These papers were never delivered to the Petitioner. As a result, the Petitioner was never personally served. Moreover, Petitioner's counsel filed an Affirmation of Service indicating that lead counsel, Menachem White, Esq., served the Order to Show Cause with Exhibits on the Respondent via email to "yyfelberbaum@gmail.com." (ECF No. 52-1). However, the Court delineated that service via email by itself was not sufficient (ECF No. 50). Mr. White told the Court that he has no way of contacting Respondent, however, Respondent has since been in contact with Petitioner via email and phone calls regarding their divorce. Respondent is still yet to be properly served.

Second, assuming *arguendo* that Respondent is in default, good cause exists to set aside the entry of default. To wit, Respondent's default was not willful. As noted in Respondent's letter to this Court on September 27, 2024, he was never served with the Summons and Complaint (ECF No. 24). Petitioner's Affidavit of Service indicates that the "Summons with Amended Complaint Petition and Exhibits" was served on Respondent on August 30, 2024, to someone of suitable age

called "Jane Doe" at Respondent's actual place of residence and via mailing to his actual place of residence (ECF No. 23). Petitioner has notified the Court that he has not resided at the address stated (90 Meron Road, Monsey, New York, 10952) since August 6, 2024 (ECF No. 24).

Furthermore, Petitioner has not offered any argument that she would be prejudiced by the Court setting aside the entry of default. Petitioner also bears responsibility for any delay in Respondent's appearance in this matter as she repeatedly failed to serve Respondent by the time prescribed by the Court. ECF No. 32; ECF No. 41; ECF No. 43.

Respondent also has meritorious defenses to Petitioner's Verified Petition, including but not limited to, the Article 13(b) Grave Risk of Harm defense, the Article 12 Well-Settled defense, and the Article 13 Mature Age defense.

In sum, there are numerous independent bases that warrant the denial of Petitioner's motion for default judgment and for entry of default to be set aside.

## II.    BACKGROUND

Petitioner initiated this action on March 27, 2024, by filing a Verified Petition under Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA") (ECF No. 1) (the "Petition"). As set forth in the Petition, the Petitioner asserts that the Respondent has wrongfully retained their two minor children, ten-year-old B.F. and nine-year-old M.F. (the "Children"), in the jurisdiction of the Southern District of New York, without Petitioner's consent or acquiescence, on or about April 18, 2023.

The parties are the parents of the subject Children; Petitioner is a citizen of Israel and Respondent is a citizen of the United States (ECF No. 1). The parties were married in Bnei Brak, Israel, on November 2, 2011. *Id.* B.F. was born in May 2014 and M.F. was born in November 2015.

In April 2023, the Respondent traveled to New York with the Children for the purpose of celebrating the Passover holiday. Petitioner alleges that Respondent was supposed to return the Children to Israel before April 18, 2023, but instead remained in New York (ECF No. 1 at 4).

## III.    PROCEDURAL HISTORY

On March 27, 2024, Petitioner filed a petition in this Court under the Hague Convention on the Civil Aspects of Child Abduction, Oct. 25, 1980, Art. 13(b), T.I.A.S. No 11670, 1343 U.N.T.S. 89, reprinted in 51 Fed. Reg., 10, 494 (Mar. 26, 1986) ("Hague Convention"), implemented in the United States through the International Child Abduction Remedies Act, 22 U.S.C. § 9001 et seq. (formerly codified at 42 U.S.C. § 11601 et seq.) ("ICARA"), seeking return of the Children to Israel (ECF No.1). Petitioner also moved for an Order to Show Cause seeking provisional relief similar to that identified in the Petition (ECF No. 3). In addition to requesting the return of the Children, the Petitioner also seeks various provisional remedies, including an order preventing the Respondent from removing the children from the jurisdiction of this Court and an order requiring the Respondent to surrender all travel documents for the Children (ECF No. 1 at 8-10).

On March 29, 2024, the Court granted Petitioner leave to re-file a proposed Order to Show Cause and Amended Petition due to several deficiencies in her initial filings (ECF No. 4).

On June 24, 2024, Petitioner once again attempted to file an Amended Complaint, which was, once again, rejected for various deficiencies (ECF No. 6).

On July 8, 2024, the Court issued an order stating that, because the issuance of a summons was never requested by Petitioner, and Respondent had not appeared in the case, the action would be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure unless Petitioner filed proof of service before June 25, 2024, or showed good cause for failure to comply with Fed. R. Civ. P. 4(m)(ECF No. 7).

On July 11, 2024, Petitioner requested a 60-day extension to serve Respondent. (ECF No. 13). This request was granted and Petitioner had until August 26, 2024, to effectuate service of process on Respondent (ECF No. 14).

On August 26, 2024, this Court issued an order extending the time for Petitioner to serve Respondent *sua sponte* to September 6, 2024 (ECF No. 18). The Court further noted that if Petitioner did not obtain a summons in accordance with this Court's rules, this action would be dismissed without prejudice. *Id.* The very next day, Petitioner filed a Request for Issuance of Summons (ECF No. 20). Electronic Summons was issued on August 28, 2024 (ECF No. 21).

On September 3, 2024, Petitioner filed an Affidavit of Service claiming that Respondent was served with the Summons and Amended Complaint on August 30, 2024 (ECF No. 23). On September 27, 2024, Respondent filed a letter with this Court refuting that any such service occurred (ECF No. 24).

On October 9, 2024, Petitioner filed a "Proposed Clerk's Certificate of Default" (ECF No. 29). That same day, Petitioner's counsel filed an Affirmation in Support, which stated that Respondent was moving for default judgment because "the time for defendant Y.F., to answer or otherwise move with respect to the complaint herein has expired." (ECF No. 30). That same day, the Deputy Clerk issued a Certificate of Default (ECF No. 31).

On October 10, 2024, Respondent filed another letter notifying this Court that he was never served with the Summons and Complaint (ECF No. 32).

On November 19, 2024, Petitioner filed a Proposed Default Judgment Order pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (ECF No. 38).

On November 20, 2024, this Court issued an order requesting Respondent to show cause why an order of default should not be issued pursuant to Rule 55 of the Federal Rules of Civil

Procedure (ECF No. 39).  "The order to show cause directed Petitioner to serve upon Respondent a copy of that order, together with the papers upon which it is based, by personal service and by e-mail on or before December 4, 2024; and to file proof of such service via ECF by December 9, 2024." *Id.*

On December 10, 2024, because Petitioner had not filed proof of service, extended the time *nunc pro tunc* to December 13, 2024 (ECF No. 40). The Court further warned Petitioner that "failure to comply with the Court's orders may result in dismissal of this action without prejudice." *Id.*

On December 17, 2024, Petitioner filed two unsigned attorney affirmations notifying the Court that she was not able to serve Respondent personally because, "upon information and belief", Respondent had relocated (ECF No. 43). Petitioner requested leave to serve Respondent via email. *Id.* The Court denied this request on December 19, 2024 (ECF No. 44). Notably, the Court noted that "Petitioner has not sufficiently established that service under CPLR §§ 308(1)-(4) is "impracticable" nor has he provided any facts or evidence to demonstrate that the alternate method of service requested is reasonably calculated, under all the circumstances, to provide Respondent with adequate notice of the order to show cause. *See, e.g., Windward Bora LLC v. Edinboro*, 719 F. Supp. 3d 238, 241-42 (E.D.N.Y. 2024)." *Id.*

On December 24, 2024, Petitioner filed a letter requesting a 60-day extension of time to serve the Respondent and that alternative service by email or publication be granted (ECF No. 47). On December 27, 2024, the Court denied this request again without prejudice to renewal (ECF No. 48).

On January 10, 2025, Petitioner filed another letter requesting a 60-day extension to serve the Respondent and that alternative service by email of publication be granted due to Petitioner's

difficulty in locating Respondent (ECF No. 49). The Court granted this request on January 13, 2025 (ECF No. 51).

On January 13, 2025, this Court issued a Revised Order to Show Cause (ECF No. 50) directing Respondent to show cause why an order of default should not be issued pursuant to Rule 55 of the Federal Rules of Civil Procedure. The order further directed a response, if any, to be filed by April 11, 2025. *Id.* Additionally, the Court ordered that "service of a copy of this Order and the papers upon which it is based shall be made upon Respondent, Y.F., by personal service and by e-mail on or before March 11, 2025, and such service shall be deemed good and sufficient service." *Id.*

On March 13, 2024, Petitioner filed an Affidavit of Service of the Order to Show Cause for Default and Related Papers which were allegedly served on Respondent (ECF No. 52). Petitioner also falsely claims that service was accepted by Respondent. However, to the contrary, Respondent was never served and never claimed to have accepted service.

Having been alerted of the potential default, Respondent retained the undersigned counsel who timely filed this instant response to the Court's Order to Show Cause and is prepared to litigate this matter on its merits.

## IV.    ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process for a party to obtain a default judgment. Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y. Mar. 9, 2021). First, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter default. Fed. R. Civ. P. 55(a). If a claim is for a sum certain or a sum that can be made certain by computation, the clerk can enter

judgment. Fed. R. Civ. P. 55(b)(1). Second, and "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021). To enter or effectuate judgment the Court is empowered to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up).

### 1. This Court Lacks Jurisdiction over Respondent Because Service was Improper.

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). The three requirements for personal jurisdiction are: (1) the plaintiff's service of process upon the defendant must have been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles. *Licci ex rel. Licci v. Lebanese Canadian Bank*, SAL, 673 F.3d 50, 59–60 (2d Cir. 2012) (subsequent history omitted).

The Federal Rules of Civil Procedure permit a plaintiff to serve a defendant pursuant to either the laws of the state in which the district court is located or the laws of the state in which service is made – in this case New York. *See* Fed. R. Civ. P. 4(e)(1).

Under New York law, service upon an individual may be made by delivering the summons (1) to the person to be served; (2) to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served *and* by either mailing

the summons to the person's last known residence or by mailing summons to the person's actual place of business; (3) by delivering the summons within the state to the agent for the person to be served as designated under rule 318; (4) where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode *and* by mailing the summons to the person's last known residence or by mailing summons to the person's actual place of business (the "nail and mail" method); or (5) in such manner as the court, upon motion without notice, directs, if service is impracticable under the preceding methods. N.Y.C.P.L.R. § 308.

Petitioner alleges that Respondent was properly served with filings in this action on three separate occasions. However, these claims are inaccurate and  as demonstrated by clear and undeniable supporting evidence.

First, Petitioner insists that service of an Order to Show Cause was purportedly effectuated on Respondent at his residence, 80 Meron Place, Monsey, New York, 10952, on August 23, 2024 (ECF No. 16) pursuant to N.Y.C.P.L.R § 308 (1). This assertion is false. Respondent was not at the location at the time of service. To prove this, Respondent submits a dated supermarket receipt showing he was elsewhere at the time of service stated on the Affidavit of Service, which is annexed hereto as **Exhibit A.**

Next, Petitioner claims that, pursuant to N.Y.C.P.L.R § 308 (2), Respondent was served with the Summons and Complaint on August 30, 2024, at the same address, via 1st Class Mail and by delivering a true copy to a person of suitable age (ECF No. 23). This claim is false and misleading. Petitioner's claim of proper service is further called into question by the Affidavit of Service, which fails to provide any clear details. *Id.* The affidavit mentions that a "Jane Doe" was allegedly served on Respondent's behalf but refused to provide a name. According to the affidavit,

- 9 -

this individual supposedly said she would hand the documents to Respondent (ECF No. 23). This vague description and lack of identification of the person who allegedly accepted service raises serious concerns about the reliability of Petitioner's claim and Respondent never received the documents.

Significantly, by August 30, 2024, Respondent had already vacated the premises at the address stated on the Affidavit of Service (ECF No. 23) and relocated to a different residence on August 7, 2024. He was no longer residing at that address, and there was no individual residing there authorized to accept service on his behalf. This is conclusively supported by an eviction notice annexed hereto as **Exhibit B**, and a letter from Respondent's counsel annexed as **Exhibit C**, further challenging Petitioner's false claim of effectuated service.

Finally, pursuant to N.Y.C.P.L.R § 308 (1), Petitioner alleges a third instance of service on March 11, 2025, outside 290 West Route 59, Spring Valley, NY 10977 (ECF No. 52), where Petitioner claims the Order to Show Cause regarding default were handed directly to Respondent. This is categorically false. Respondent states under oath that the documents were not handed to him but were instead handed to his son, M.F. (age 9), by the process server, who then passed them on to his therapist.

It is also worth noting that two of the filed Affidavits of Service (ECF Nos. 16 and 52), which both claim personal service of papers on Respondent, contain conflicting descriptions. The Affidavit of Service for the Order to Show Cause of the Rule65(b) Motion (ECF No. 16) states that Respondent was "5'9-6'0" and "over 200 lbs," while the Affidavit of Service for the Default Order to Show Cause (ECF No. 52) describes Respondent as "5'4-5'8" and between "161-200 lbs." These discrepancies raise significant concerns about the accuracy and reliability of the service claims.

The evidence provided by Respondent leaves no room for doubt that service was never properly effectuated on any of the occasions Petitioner claims. Because Respondent was never properly served, this Court lacks jurisdiction over Respondent, and the motion for a default judgment should be denied and Respondent ought to have the opportunity to litigate this matter on the merits. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011) (citation omitted)("[I]f the underlying judgment is void for lack of jurisdiction, 'it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4).'")

**2. Assuming *Arguendo* that Petitioner is in Default, Good Cause Exists for Setting Aside the Entry of Default.**

As a baseline, "default judgments are disfavored" and a "clear preference exists for cases to be adjudicated on the merits." *Pecarsky v. Galaxiworld.com, Ltd*., 249 F.3d 167, 174 (2d Cir. 2001). To that point,  "the preference in this judicial circuit is that cases be resolved on the merits rather than on the basis of a party's default in fulfilling its litigation obligations or because of some technical or procedural reasons." *Shim-Larkin v. City of New York*, No. 16 Civ. 6099 (AJN) (KNF), 2018 WL 3187327, at *13 (S.D.N.Y. June 28, 2018) (collecting cases); *see Sony Corp. v. Elm State Elecs., Inc*., 800 F.2d 317, 320 (2d Cir.1986) (describing the Second Circuit's "strong preference for resolution of disputes on their merits" and "preference for resolving doubts in favor of a trial on the merits"). Default procedures are therefore "reserved for rare occasions". *Johnson v. New York University*, No. 18-3305 (2d Cir. Jan 31, 2020) (summary order).  This case involves well-being of two young children and should be resolved on the strength of the arguments presented to the Court rather than on default.

Rule 55(c) of the Federal Rules of Civil Procedure provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c).

In deciding such motions under Fed.R. Civ. P 55(c), courts in this Circuit apply a three-factor test to assess whether to relieve a party from default or from a default judgment.: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result. *See Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986). "The determination of whether to set aside a default is left to the 'sound discretion of the judge, the person [who is] most familiar with the circumstances of the given case and ... in the best position to evaluate the good faith and credibility of the parties.' " *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (ellipsis in original) (*quoting Action S.A. v. Marc Rich & Co.,* Inc., 951 F.2d 504, 507 (2d Cir. 1991)). Determination of whether to set aside a default must take into account the strong preference for resolving disputes on the merits. *Wildflower + Co. v. Mood Apparel, Ltd.,* 338 F.R.D. 192 (S.D.N.Y. 2021).

a.   Respondent's Untimely Appearance was Not Willful.

Respondent's untimely appearance in this instant action was not willful. Willfulness typically requires some showing of bad faith. *Am. All. Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 60 (2d Cir. 1996). Conduct sufficient to preclude relief under FRCP 55(c) must be "egregious . . . and not satisfactorily explained." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund*

*v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (*quoting S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). Negligence, even gross negligence, and inadvertence do not rise to this level. *See id.; Am. All. Ins. Co., 92 F.3d at 61.*

Here, as set forth in Respondent's Declaration in Support, annexed hereto as **Exhibit D**, the Respondent was never properly served with the Summons and Complaint, nor was he served with the Court's Order to Show Cause and accompanying Exhibits, despite the Petitioner's contrary assertions. In his defense, the Respondent submitted two sworn letters to this Court, affirming that he was never served with these documents and asserting that the Petitioner's claims regarding service are false. These letters, which are filed under ECF Nos. 24 and 32, explicitly challenge the Petitioner's allegations of proper service.

Respondent has also provided herein evidence that supports his contention that he was never duly served with papers in this action. *See* **Exhibits A-C**.

This series of events demonstrates that Respondent's failure to respond to the Petitioner's Petition should not be characterized as "egregious." Rather, the Respondent has provided a reasonable and satisfactory explanation for his failure to respond, based on his assertion that he was not properly served with the necessary filings in this proceeding. Therefore, there can be no basis for concluding that Respondent's failure to timely respond to the Petition was "willful." In light of these facts, no finding of willfulness should be attributed to his failure to respond to the Petitioner's Petition.

      b.   <u>Petitioner Has Not Demonstrated Prejudice.</u>

Setting aside the entry of default would not prejudice the Petitioner. "Because relief from a default entry essentially is a matter of fairness and judicial discretion, the single most persuasive reason for denying a Rule 55(c) motion is prejudice to the non-defaulting party caused by

reopening the action." *Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931, 2023 WL 2664079, at *12 (S.D.N.Y. Mar. 28, 2023) (alterations omitted) (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2699 (4th ed. 2023)). Although delay would result, delay is not sufficient to warrant entry of a default judgment. *See Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (holding that "delay alone is not a sufficient basis for establishing prejudice"). The Second Circuit holds that "something more is needed," such as delay that thwarts plaintiff's chance of recovery. *State of New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005) (citing 10A Charles A Wright, et al., Fed. Practice & Procedure: Civil § 2699 at 169 (3d ed.1998))."Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).

Here, denying the motion for default would not further prejudice the Petitioner because we are in the early stages of the proceedings. Respondent wishes to quickly file a response to the complaint, discovery has not commenced, and a pretrial scheduling order has not been set. Moreover, any delays in Respondent's involvement in this litigation were caused by Petitioner's failure to obtain a Summons and serve the Summons and Complain, as she was required to do.

Petitioner has not made any claims or provided any assertions that setting aside the entry of default would prejudice her in any way. *See O'Callaghan v. Sifre*, 242 F.R.D. 69, 75 (S.D.N.Y. 2007) ("Plaintiff has made no effort to show that he would suffer undue prejudice if his motion were denied. Under the circumstances, O'Callaghan's motion should be denied regardless of the propriety of service.") (internal citation omitted). Even if she would have, any alleged prejudice does not outweigh the fact that the Respondent's default was not willful, and that the Respondent

can present several meritorious defenses; *see also S.E.C. v. McNulty*, No. 94 CIV. 7114 (MBM), 1996 WL 422259, at *5 (S.D.N.Y. July 29, 1996), aff'd, 137 F.3d 732 (2d Cir. 1998).

Furthermore, in light of the fact that this proceeding involves minor children and the Second Circuit's strong preference for resolving disputes on their merits, it would be improper to not to set aside entry of default, especially considering that the Respondent has now appeared in this matter and is prepared to litigate this matter until a determination is made. Respondent is prepared to file an expedited Answer by April 18, 2025, or at any time ordered by the Court.

      c.  <u>Respondent Has Meritorious Defenses to Petitioner's Claims.</u>

To establish the existence of a meritorious defense, a defendant must present some evidence beyond mere conclusory denials. *Pecarsky v. Galaxiworld.com Ltd*., 249 F.3d 167, 173 (2d Cir. 2001). The test is whether "the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp. v. Diakuhara.,* 10 F.3d 90, 98 (2d Cir. 1993); *see also In re Martin–Trigona*, 763 F.2d 503, 505 n. 2 (2d Cir. 1985) ("[I]n order to set aside a default, the defaulting party must present a meritorious defense demonstrating that if relief is granted the outcome of the suit may be different than if the entry of default or the default judgment is allowed to stand .... Otherwise, the defaulting party may be held to admit all the factual allegations of the complaint." (internal citations omitted)). Though a Defendant need not "conclusively establish the validity of the defense asserted, [it] must, nonetheless, articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations." *Salomon v. 1498 Third Realty Corp.*, 148 F.R.D. 127, 130 (S.D.N.Y. 1993) (quoting *Davis*, 713 F.2d at 916). "The defaulting defendant 'need only meet a low threshold to satisfy this factor.'" *Gench v. HostGator.com LLC,* 2015 WL 3757120, at *5 (S.D.N.Y. June 17, 2015) (*quoting MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107,

110 (E.D.N.Y. 2014)); *see also Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (defense "need not be ultimately persuasive at this stage" to satisfy this factor).

Here, Respondent has clear meritorious defenses against Petitioner's claims. In her Petition, Petitioner alleges that Respondent wrongfully retained the parties' two minor children, B.F., age ten, and M.F., age nine, in the Southern District of New York, without Petitioner's consent or acquiescence, on or about April 18, 2023.

A petitioner who establishes wrongful removal or retention by a preponderance of the evidence has made out a *prima facie* case for return. *In re D.T.J.,* 956 F. Supp. 2d 523, 528 (S.D.N.Y. 2013). Removal or retention of a child is wrongful when "(1) the child was habitually resident in one State and has been removed to or retained in a different State; (2) the removal or retention was in breach of the petitioner's custody rights under the law of the State of habitual residence; and (3) the petitioner was exercising those rights at the time of the removal or retention." *Gitter v. Gitter*, 396 F.3d 124, 130–31 (2d Cir. 2005).

Here, Petitioner cannot establish her *prima facie* case. Petitioner does not plead sufficient facts to establish that the Children's habitual residence was Israel at the time of wrongful retention. The subject Children were both born in Manhattan, New York. The family lived in Monsey, New York until they moved to Israel in July 2019 on a trial basis, upon the condition that they would return if the parties' relationship did not ameliorate. *Maxwell v. Maxwell*, 588 F.3d 245, 251-52 (4th Cir. 2009) ("[c]ourts have refused to find a change in habitual residence when one parent intended to move to the new country of residence on a trial or conditional basis."); *Calixto v. Lesmes*, 909 F.3d 1079, 1089-90 (11th Cir. 2018) (holding, when "a parent's relocation with a child from one country to another [is] conditioned upon the occurrence of certain events, [ ] the first country [ ] remain[s] the child's habitual residence if those events did not come to pass"). Accordingly, the

Children's habitual residence never shifted from the United States to Israel.

Even if, assuming *arguendo*, that petitioner does make out her *prima facie* case, the respondent can prevent the repatriation of the child/children if he is able to establish that "one of the narrow exceptions set forth in the Convention applies." 22 U.S.C. § 9001(a)(4); *see also id.* § 9003(e)(2). These exceptions include:

> • At least one year has passed since the "date of the commencement of the proceedings before the judicial or administrative authority of the Contracting State" and "the child is now settled in its new environment," Hague Convention, Art. 12;

> • "[T]he person, institution or other body having the care of the person of the child was not actually exercising the custody rights at the time of removal or retention, or had consented to or subsequently acquiesced in the removal or retention," *id.*, Art. 13(a);

> • "[T]here is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation," *id.*, Art. 13(b).

The first two of these defenses must be established by a preponderance of the evidence, *see* 22 U.S.C. § 9003(e)(2)(B), while the third must be established by clear and convincing evidence, *see id.* § 9003(e)(2)(A).

Further, Article 13 of the Convention states that "[t]he judicial or administrative authority may also refuse to order the return of the child if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views." Hague Convention, Art. 13.

Here, if returned to Israel, there is a grave risk that the Children would be exposed to physical or psychological harm or otherwise be placed in an intolerable situation. Further, the Children have been in the United States since April 2023 and over a year has passed since the commencement of the proceedings. The Children are therefore well-settled in their new

environment. Lastly, the Children object to being returned to Israel and have attained an age and degree of maturity at which it is appropriate to take account of their views.

## V.    CONCLUSION

For the foregoing reasons, entry of default should be set aside, Petitioner's motion for default judgment should be denied, and Respondent should be permitted to litigate this matter on the merits.

Dated: April 11, 2025
        New York, New York

/s/ Richard Min
Richard Min, Esq.
Michael Banuchis, Esq.
Green Kaminer Min & Rockmore LLP
420 Lexington Avenue, Suite 2821
New York, New York 10170
Telephone: 212-681-6400
Facsimile: 212-681-6999
Email:rmin@gkmrlaw.com;
mbanuchis@gkmrlaw.com

*ATTORNEYS FOR RESPONDENT*