UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PERL FELBERBAUM,

                Petitioner,

-against-

YAAKOV FELBERBAUM,

                Respondent.

**ORDER**

24-CV-02333 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Petitioner commenced this action on March 27, 2024 (Doc. 1) and filed an Amended Petition on July 11, 2024 (Doc. 10). Petitioner filed an affidavit of service of the summons on September 3, 2024, noting Respondent's response to the Petition was due September 13, 2024. (Doc. 23). On October 9, 2024, Petitioner obtained a Clerk's Certificate of Default as to Respondent. (Doc. 31). On November 20, 2024, the Court issued an Order to Show Cause why a judgment of default should not be entered against Respondent. (Doc. 39). Petitioner failed to serve the Order to Show Cause in accordance with its terms, despite extensions granted. (*See* Docs. 40-48). On January 13, 2025, the Court granted a final extension in light of the Petitioner's representations concerning her difficulty locating Respondent and, because all of the deadlines in the order to show cause had passed, the Court docketed a "Revised Order to Show Cause" (Doc. 50). (Doc. 51). Petitioner filed, on March 13, 2025, an affidavit of service of the Revised Order to Show Cause and papers upon which it is based. (Doc. 52). On April 11, 2025, the return date of the Revised Order to Show Cause, Respondent appeared in this action through counsel and filed a response in opposition thereto. (Doc. 53; Doc. 54).

      Respondent contests the sufficiency of service of both the summons and the Revised Order to Show Cause. (Doc. 54). Despite his position that the Court lacks personal jurisdiction over him

due to improper service, "in light of the fact that this proceeding involves minor children and the Second Circuit's strong preference for resolving disputes on their merit," Respondent requests that the Court set aside the entry of default and permit him "to file an expedited Answer by April 18, 2025, or at any time ordered by the Court." (Doc. 54 at 20). That request is granted.

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "Because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Caleb & Brown Pty. Ltd. v. Thompson*, No. 20-CV-08612, 2021 WL 4226183, at *2 (S.D.N.Y. Sept. 16, 2021) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (alteration omitted)). "Good cause under Rule 55(c) should be construed generously, and the dispositions of motions for entries of defaults and relief from the same under Rule 55(c) are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case." *Id*. (internal quotation marks and alterations omitted). "In determining whether to vacate a default or default judgment, the Court must consider three factors: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id*. (quoting *Del Med. Imaging Corp. v. CR Tech USA, Inc.*, No. 08-CV-08556, 2010 WL 1487994, at *4 (S.D.N.Y. Apr. 13, 2010)). "The Court may also consider whether the entry of default would bring about a harsh or unfair result." *Id*. (internal quotation marks omitted).

The Court finds that good cause exists to vacate the Clerk's entry of default under Rule 55(c). Respondent has proffered evidence that he was not properly served with the summons or the Revised Order to Show Cause. (Doc. 54-1—54-4). Respondent has provided a reasonable

explanation for his belated failure to respond, and the Court cannot conclude under these circumstances that the default was willful. Respondent has also demonstrated the existence of meritorious defenses to this action—an action that involves the potential relocation of the parties' minor children. "A defense is meritorious if it is good at law so as to give the fact finder some determination to make." *Caleb & Brown Pty. Ltd.*, 2021 WL 4226183, at *4 (citation omitted). Respondent contends that Petitioner has failed to plead sufficient facts to establish that their children's habitual residence was Israel at the time of wrongful retention; and that at least one of the exceptions set forth in the Convention applies to prevent repatriation of the children. (Doc. 54 at 22-23). Any prejudice to Petitioner that may be caused by delay resulting from the vacatur of the entry of default here does not outweigh the other factors; indeed, even a cursory review of the record demonstrates that Petitioner contributed to the delayed resolution of this matter by repeatedly failing to comply with the Court's orders and disregarding deadlines in this case. (*See* Docs. 7, 14, 18, 40, 44, 48).

Accordingly, under the circumstances, good cause exists to vacate the entry of default and warrants allowing Respondent the opportunity to file a responsive pleading.

Petitioner's motion for a default judgment is, therefore DENIED without prejudice, and Respondent's request to vacate the Clerk's entry of default is GRANTED.

Defendant shall answer or otherwise respond to the complaint no later than **April 18, 2025**.

An initial conference is scheduled for **April 29, 2025 at 9:30 a.m.** to be held by telephone. At the time of the conference, counsel for all parties shall call the following number: 855-244-8681; access code 2317 236 5283.

The parties are directed to meet and confer and begin to conduct any discovery necessary in this case. They shall be prepared to report to the Court at the initial conference the expected

scope of discovery necessary to expeditiously proceed to an evidentiary hearing and shall be prepared to schedule an evidentiary hearing on the Petition. The parties shall also discuss the use of alternate dispute resolution mechanisms for use in this case, including settlement conferences before the designated Magistrate Judge, participation in the District's Mediation Program, and/or retention of a privately retained mediator.

The parties are reminded that they may consent to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). If all parties consent, the parties shall file a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (form AO 85) using the ECF Filing Event "Proposed Consent to Jurisdiction by US Magistrate Judge" prior to the initial conference at which time such scheduled conference will be cancelled.

The Clerk of Court is respectfully requested to vacate the Clerk's Certificate of Default (Doc. 31).

**SO ORDERED:**

Dated: White Plains, New York
April 15, 2025

_____
PHILIP M. HALPERN
United States District Judge