UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
In the Matter of B.F. and M.F.,            )
                                           )
PERL FELBERBAUM                            )
                                           )
            Petitioner,                    )
                                           )
vs.                                        )          No. 7:24-cv-02333-PMH
                                           )
YAAKOV FELBERBAUM                          )
                                           )
            Respondent.                    )
_____)

**RESPONSE TO VERIFIED PETITION FOR RETURN OF CHILDREN TO ISRAEL AND REQUEST FOR ISSUANCE OF SHOW CAUSE ORDER**

The Respondent, YAAKOV FELBERBAUM, states as follows for his Response to Petitioner PERL FELBERBAUM's Verified Petition:

1. The allegations set forth in Paragraph 1 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

2. The allegations set forth in Paragraph 2 of the Petition constitute legal conclusions to which no response is necessary or appropriate. To the extent an Answer is required, Respondent denies that the Children were wrongfully retained, denies that the Children's habitual residence is Israel, denies that the Children resided in Bnei Brak, Israel, and clarifies that they lived with both parents. Respondent admits that B.F. was born in May 2014 but denies that M.F. was born in September 2015. Respondent clarifies that M.F. was born in November 2015.

3. The allegations set forth in Paragraph 3 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

4. Paragraph 4 purports to be a request for relief from this Court for which no response is required. Respondent states that the relief should be denied.

5. The allegations set forth in Paragraph 5 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

6. The allegations set forth in Paragraph 6 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

7. The allegations set forth in Paragraph 7 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

8. The allegations set forth in Paragraph 8 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

9. The allegations set forth in Paragraph 9 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

10. The allegations set forth in Paragraph 10 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

11. The allegations set forth in Paragraph 11 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

12. Respondent admits the allegation in Paragraph 12 of the Petition that he is currently located within the jurisdiction of this Court.

13. Respondent admits the allegations of Paragraph 13 but clarifies that the Petitioner is also a United States citizen through her marriage with Respondent.

14. Respondent has no first-hand knowledge of the allegations of Paragraph 14.

15. Respondent admits the allegations of Paragraph 15.

16. Respondent denies the allegations of Paragraph 16.

17. Respondent admits the allegations of Paragraph 17.

18. Respondent admits the allegations of Paragraph 18 in part but denies them in part. Respondent clarifies that M.F. was born in November 2015, not September 2015.

19. The allegations set forth in Paragraph 19 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

20. Respondent admits in part and denies in part the allegations of Paragraph 20. Respondent admits that he travelled to New York with the Children in April 2023 to visit his family for Passover. Respondent denies that he and the Children were supposed to return before April 18, 2023.

21. The allegations set forth in Paragraph 21 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are

contained, Respondent denies such allegations but admits that the Children resided in Israel from July 2019 to April 2023.

22. The allegations set forth in Paragraph 22 of the Petition constitute legal conclusions to which no response is necessary or appropriate.

23. Respondent admits the allegations of Paragraph 23.

24. The allegations set forth in Paragraph 24 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

25. The allegations of Paragraph 25 are a conclusion of law for a foreign jurisdiction and as such, no answer can be made. To the extent that an answer is required notwithstanding the foregoing, Respondent denies the allegations of Paragraph 25 and demands strict proof thereof.

26. The allegations set forth in Paragraph 26 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

27. Respondent admits in part and denies in part the allegations of Paragraph 27. Respondent admits that Petitioner did agree for Respondent and the Children to travel to the United States with the Children in April 2023. Respondent denies all other allegations stated in Paragraph 27.

28. The allegations set forth in Paragraph 28 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

29. The allegations set forth in Paragraph 29 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

30. Respondent denies the allegations of Paragraph 30 and demands strict proof thereof.

31. Respondent has no first-hand knowledge of the allegations of Paragraph 31.

32. Respondent has no first-hand knowledge of the allegations of Paragraph 32. Respondent notes that the letter cited in Paragraph 32 states that a letter was sent to the United States Department of State on November 15, 2023, and therefore denies that a letter was sent in July 6, 2022.

33. Respondent denies the allegations of Paragraph 33 and demands strict proof thereof.

34. Respondent denies the allegations of Paragraph 34 and demands strict proof thereof.

35. Respondent denies the allegations of Paragraph 35 as they are no longer accurate, but admits that the allegation was true as of July 2024.

36. The allegations set forth in Paragraph 36 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

37. The allegations set forth in Paragraph 37 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

38. The allegations set forth in Paragraph 38 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

39. Respondent denies the allegations of Paragraph 39 and demands strict proof thereof.

40. Paragraph 40 purports to be a request for relief from this Court for which no response is required. Respondent states that the relief should be denied.

41. Paragraph 41 purports to be a request for relief from this Court for which no response is required. Respondent states that the relief should be denied.

42. Paragraph 42 purports to be a request for relief from this Court for which no response is required. Respondent states that the relief should be denied.

43. Paragraph 43 purports to be a request for relief from this Court for which no response is required. Respondent states that the relief should be denied.

44. Paragraph 44 purports to be a request for relief from this Court for which no response is required. Respondent states that the relief should be denied.

45. Paragraph 45 purports to be a request for relief from this Court for which no response is required. Respondent states that the relief should be denied.

46. Paragraph 46 purports to be a request for relief from this Court for which no response is required. Respondent states that the relief should be denied.

47. The allegations set forth in Paragraph 47 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

48. The allegations set forth in Paragraph 48 of the Petition constitute legal conclusions to which no response is necessary or appropriate; however, to the extent factual allegations are contained, Respondent denies such allegations.

49. The allegations of Paragraph 49 are a conclusion of law for a foreign jurisdiction and as such, no answer can be made. To the extent that an answer is required notwithstanding the foregoing, Respondent denies that he has violated Israeli law.

50. Paragraph 50 purports to be a request for relief from this Court for which no response is required. To the extent that a response is required, Respondent states that the relief should be denied.

## AFFIRMATIVE DEFENSES

51. Respondent asserts the following defenses based upon his present knowledge of the circumstances giving rise to the Petition. Respondent reserves the right to supplement his defenses upon completion of discovery or upon learning of any additional facts that are not presently known or reasonably knowable.

52. Respondent further contends that the Petition should be denied based upon the affirmative defenses set forth below.

## FIRST DEFENSE

53. To the extent that any specific allegation in the Petition is not addressed, that allegation is hereby denied.

## SECOND DEFENSE

54. The Petition fails to state a claim upon which relief can be granted, as the subject Children's habitual residence is the United States. The Children were born in the United States and only moved to Israel in July 2019. The Children's stay in Israel was for a trial period and on a

conditional basis. The parties never intended the move to be permanent. Therefore, the Children's habitual residence never shifted from the United States to Israel, and therefore the Petitioner cannot sustain a *prima facie* case.

55. Petitioner may not invoke the protections of the Hague Convention if the Children's habitual residence was the United States. *See* Heydt-Benjamin v. Heydt-Benjamin, 404 F. App'x 527 (2d Cir. 2010) (affirming dismissal of petition where children's habitual residence was the United States); *Mota v. Castillo*, 692 F.3d 108, 113 (2d Cir. 2012) (stating that "the Child must have been removed to or retained in a Contracting State other than her State of habitual residence for the Convention to apply").

56. A child's habitual residence depends on the totality of the circumstances specific to the case. *Monasky v. Taglieri,* 140 S. Ct. 719, 720 (2020). The totality of the circumstances of the instant case indicate that the parties' move to Israel was on a trial basis and conditional, and therefore, the Children's habitual residence never shifted from the United States to Israel. *See, e.g.*, *Maxwell v. Maxwell*, 588 F.3d 245 (4th Cir. 2009) (affirming dismissal of a petition after a determination that the children's habitual residence never shifted from the United States to Australia); *Ruiz v. Tenorio*, 392 F.3d 1247 (11th Cir. 2004).

## THIRD DEFENSE

57. The Petition should be dismissed pursuant to Art. 13(b) of the Hague Convention because there is a grave risk that the Children will suffer emotional, physical, or psychological harm, or otherwise be placed in an intolerable situation, if returned to Israel.

58. The Convention provides that return is not required if "[t]here is a grave risk that ... return would expose the child to physical or psychological harm or otherwise place the child in

an intolerable situation." *Golan v. Saada*, 596 U.S. 666, 670–71 (2022) citing Convention Art. 13(b).

59. Under Article 13(b), a grave risk of harm from repatriation arises in two situations: "(1) where returning the child means sending him to a zone of war, famine, or disease; or (2) in cases of serious abuse or neglect, or extraordinary emotional dependence, when the court in the country of habitual residence, *for whatever reason,* may be incapable or unwilling to give the child adequate protection." *Souratgar v. Lee*, 720 F.3d 96, 103 (2d Cir. 2013) (internal citation omitted).

60. In this case, returning the children to Israel would place them in a war zone due to the ongoing war.

61. Respondent expresses deep concern about potential future disruptions caused by Petitioner, given the Children's prior experiences of chaos, emotional distress, and abuse, which persisted until the Respondent returned to the United States with the Children. Since then, the children have experienced significant improvement and now live in a stable environment to which they have become deeply attached.

62. Petitioner has been diagnosed with multiple psychiatric conditions, including depression, anxiety, and attention deficit hyperactivity disorder (ADHD). Throughout the relationship, Petitioner engaged in various forms of abusive conduct toward the minor children, including but not limited to physical abuse and the withholding of food as a form of punishment. On multiple occasions, neighbors discovered the children wandering the streets in search of food. When confronted, Petitioner instructed neighbors not to feed the children, claiming they were being disciplined.

63. Additionally, Petitioner frequently isolated Respondent by locking him in a room while she acted abusively toward the children. During these incidents, Respondent was unable to

intervene and could hear the children crying for help. On one occasion, Respondent witnessed Petitioner choking the minor child, M.F., which prompted an investigation by Israeli Child Protection Services.

64. Following a comprehensive investigation, Israeli Child Protection Services advised Respondent that the children would be removed from the home unless he remained present with them at all times. The agency further instructed that the children should not be left alone in Petitioner's custody under any circumstances, as doing so would pose a serious risk to their safety. It was expressly stated that if the children were ever found alone with Petitioner, they would be immediately removed from the home.

## FOURTH DEFENSE

65. The Petition should be denied due to Article 13, which allows a court to refuse repatriation of a child based solely upon a child's wishes. Article 13 of the Hague Convention permits a court to "refuse to order the return of the child if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of [his or her] views." *Swett v. Bowe*, 733 F. Supp. 3d 225 (S.D.N.Y.), *aff'd sub nom. Urquieta v. Bowe*, 120 F.4th 335 (2d Cir. 2024). Here, the Children wish to remain in the United States, and they have attained an age and degree of maturity at which it is appropriate to take their views into account.

66. Under Article 13, a "child's views concerning the essential question of [his or her] return or retention may be conclusive" provided the child has "attained an age and degree of maturity sufficient for its views to be taken into account." Elisa Pérez-Vera, *Hague Convention on the Civil Aspects of International Child Abduction: Explanatory Report* ¶ 30 ("Pérez-Vera Report"); *see Gitter*, 396 F.3d at 129 n.4 (recognizing Pérez-Vera Report as "an authoritative

source for interpreting the Convention's provisions"). "[I]t would be very difficult to accept that a child of, for example, fifteen years of age, should be returned against [his or her] will." Pérez-Vera Report ¶ 30. However, "the exception must be construed narrowly so its application does not undermine the express purposes of the Convention." *Velozny*, 550 F. Supp. 3d at 22 (cleaned up) (citing *Yang v. Tsui*, 499 F.3d 259, 278 (3d Cir. 2007)). And "proving that the defense applies is not dispositive; courts ultimately retain discretion to order repatriation despite that showing." *Id.*; *see Haimdas v. Haimdas*, 720 F. Supp. 2d 183, 204 (E.D.N.Y.), *aff'd*, 401 F. App'x 567 (2d Cir. 2010) ("[A] district court can decline to order return of a wrongfully retained or removed child on [this] ground alone.").

67. In cases involving more than one child, courts have declined to separate siblings even when only one of the children has stated an objection. *Leonard v. Lentz*, 297 F. Supp. 3d 874, 897 (N.D. Iowa 2017) (declining to separate siblings because it would be "cruel.") (internal citations omitted).

## **FIFTH DEFENSE**

68. The Children have been residing in New York since April 2023. It has been 744 days since the Children arrived in New York. The Children are enrolled in school and participate in extra-curricular activities. They attend weekly therapy sessions due to the trauma caused by the Petitioner. They have friends and family in New York. The Children have, therefore, become well-settled in their new environment, including their home, schools, community, and social relationships. They are now thriving emotionally, socially, and academically in New York. Given their current stability and well-being, any disruption or removal from this environment would be detrimental to their best interests and would risk causing them emotional and psychological harm.

-12-

**SIXTH DEFENSE**

69. Respondent hereby reserves the right, upon completion of his investigation and discovery, to file additional defenses.

WHEREFORE, the Respondent, YAKOV FELBERBAUM, respectfully requests the following relief:

A. That the Verified Petition for Return of Child to Israel and Request for Issuance of Show Cause Order and all its requested relief be denied; and

B. That no action be taken to the detriment of Respondent; and

C. That an order be entered ordering that, pending the hearing and determination of this action and the entry of an Order thereon, the parties, or any person acting in concert with the parties, are prohibited from removing the Children from the United States; and

D. That this Court grant any such further relief as justice and the Respondent's cause may require.

Respectfully Submitted,

/s/ Michael Banuchis
Michael Banuchis
Attorney for Respondent
Green Kaminer Min & Rockmore LLP
420 Lexington Avenue, Suite 2821
New York, New York 10170
Telephone: 212-681-6400
Facsimile: 212-681-6999
Email: mbanuchis@gkmrlaw.com

-13-

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 18th day of April, 2025, a copy of the foregoing Response was electronically filed, and that it is available for viewing and downloading from the ECF system to all counsel of record.

                                    /s/ Michael Banuchis
                                    Michael Banuchis
                                    *Attorney for Respondent*