UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

P.F.,

                Petitioner,

       -against-

Y.F.,

                Respondent,

Case No.: 7:24-cv-02333-PMH

Civil Action

------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE TO BE RELIEVED AS COUNSEL OF RECORD

This Memorandum of Law is respectfully submitted by Asher White, Esq. (hereinafter "AW"), attorneys for Petitioner P.F. (hereinafter "Petitioner"), in Support of AW's application, brought by Order to Show Cause pursuant to Local Civil Rule 1.4 and Rule 7 of this Court's Individual Practices, for an Order: (1) permitting AW, Asher White, Esq. to withdraw as counsel of record for Petitioner; and (2) staying the action for 30 days to permit Petitioner to retain replacement counsel or proceed *pro se*.

### FACTUAL BACKGROUND

1.       Filed on March 27, 2024, the Petition was filed on behalf of the Petitioner seeking the return of the children of the parties, B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, to obtain relief pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention") and the implementing legislation within the United States, including the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C.A. §§ 9001 et seq., and New York's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), DRL §§ 75(d), 77 et seq. See ECF Dkt. No. 1.

1

The Honorable Court made an Order for discovery that is due soon. See ECF Dkt. No. 58. Additionally, no motions in limine or other relief (aside from default, which was vacated previously) is open at this time.

A trial date has been set for August 25, 2025. See ECF Dkt. No. 58.

However, AW is, due to personal reasons AW wishes not to disclose, unable to carry on its representation of Petitioner. See Doberman Decl., ¶ 7. Though Petitioner has been informed about the foregoing, Petitioner has not yet retained new counsel or consented to his substitution into the action to proceed *pro se*. See Id., ¶ 8. AW is not asserting a charging or retaining lien in this case. See Id., ¶ 10.

## ARGUMENT

### I. WITHDRAWAL OF COUNSEL SHOULD BE PERMITTED AND THE ACTION STAYED THIRTY (30) DAYS TO ENABLE PETITIONER TO LOCATE AND RETAIN NEW COUNSEL

Pursuant to Local Civil Rule 1.4:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

In ruling on a motion for leave to withdraw under Local Civil Rule 1.4, the Court should consider "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp. 3d 441, 444 (S.D.N.Y. 2014) (quoting Thekkek v. LaserSculpt, Inc., 2012 U.S. Dist. LEXIS 7646, at *4 (S.D.N.Y. Jan. 23, 2012)). "Whether to grant or deny a motion to withdraw as counsel falls to the broad discretion of

the trial court." Hernandez v. Fresh Diet,Inc., No. 12-CV-4339 (ALC), 2018 U.S. Dist. LEXIS 121808, at *5 (S.D.N.Y. July 20, 2018).

In considering the reasons for withdrawal, district courts also consider whether the prosecution of the suit is likely **to be** disrupted by the withdrawal of counsel. Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir.1999) citing Brown v. National Survival Games, Inc., No. 91 C 221, 1994 WL 660533 at 3 (N.D.N.Y. Nov. 18, 1994)).

In the instant case, discovery is still open and a trial date is set for August 25, 2025.

There is, thus, little or no chance that the proceedings will be unduly delayed by a withdrawal and subsequent brief additional stay, and the brief additional stay that is sought may end up making the case more economical for this Court.

Respondent also cannot be said to be prejudiced by the very short delay this withdrawal would engender, in light of the current posture of the case.

Finally, it must be noted that AW has demonstrated good cause to permit its withdrawal, namely that AW is unable to continue representing the Petitioner due to personal health reasons.

It is respectfully submitted that the same constitutes cause greater than that with which this Court is typically presented, which can be the attorney's subjective feeling that there has been a breakdown in the attorney-client relationship. See, e.g., Ameruso, 2016 U.S. Dist. LEXIS 58165, at *6.

## CONCLUSION

**WHEREFORE**, for all the foregoing reasons, AW respectfully requests that the Court grant this application for leave to withdraw as attorney of record for Petitioner P.F., for a thirty-day stay post-withdrawal, and such other and further relief as this Court deems just and proper.

Dated: May 28, 2025
      Woodmere, New York

Respectfully submitted,

Asher White, Esq.

By: _/s/Asher White_
Asher White, Esq.
*Attorneys for Petitioner P.F.*
4 Brower Avenue, Suite 3
Woodmere, New York 11598
(516) 504-4101
Asherlaw@aol.com

4