UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

P.F.,

                Petitioner,

      -against-

Y.F.,

                Respondent,

-------------------------------------------------------------------X

Case No.: 7:24-cv-02333-PMH

Civil Action

## MEMORANDUM OF MW IN SUPPORT OF ORDER TO SHOW CAUSE REQUESTING AN EXTENSION TO FILE AND RESPOND TO DISCOVERY

This Memorandum of Law is respectfully submitted by Menachem White, Esq. (hereinafter "MW" or "your affirmant"), attorneys for Petitioner P.F. (hereinafter "Petitioner"), in Support of MW's application, brought by Order to Show Cause pursuant to FRCP Rule 16(b) or Rule 6(b), for an Order:

    (1)    Ordering the Respondent to accept the discovery demands of Petitioner's counsel; and/or

    (2)    Extending the time for Petitioner to serve discovery demands on counsel for Respondent by 7 days; and

    (3)    Extending the time for Petitioner to respond to discovery demands of Respondent by 14 days; and

    (4)    Extending the time for Respondent to respond to discovery demands of Petitioner by 14 days; and

    (1)    For such other and further relief as this Court may deem just and proper.

**FACTUAL BACKGROUND**

1. Filed on March 27, 2024, the Petition was filed on behalf of the Petitioner seeking the return of the children of the parties, B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015, to obtain relief pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention") and the implementing legislation within the United States, including the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C.A. §§ 9001 et seq., and New York's Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), DRL §§ 75(d), 77 et seq. See ECF Dkt. No. 1.

The Honorable Court made an Order for discovery that is now past due. See ECF Dkt. No. 58.

Additionally, no motions in limine or other relief (aside from default, which was vacated previously) is open at this time, nor has Respondent's counsel made statements about the lateness of discovery to the Honorable Court.

A trial date has been set for August 25, 2025. See ECF Dkt. No. 58.

However, MW is, due to personal reasons MW wished not to disclose, MW previously asked to be relieved as counsel, which was thankfully granted.

Thankfully, MW has recovered and has been able to step back in as counsel for the Petitioner.

MW requested a 2 week extension from counsel for the Respondent. Counsel for the Respondent refused to grant any extensions and rejected any discovery demands from MW.

**ARGUMENT**

**I.    EXTENSION OF TIME FOR DISCOVERY SHOULD BE GRANTED**

The Honorable Southern District Court Judge Vernon Broderick ruled that Two Rules of the Federal Rules of Civil Procedure are relevant to [a] motion to extend the discovery deadline. *Arriola v. 658-660 Amsterdam Corp.*, 2025 WL 239110 (SDNY, 2025).

Judge Vernon Broderick ruled that [f]irst, under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent. *Id.* citing Fed. R. Civ. P. 16(b)(4).

Judge Broderick noted that [i]n the context of a request for the modification of a discovery schedule, that often means a showing by the movant that despite due diligence, it could not have reasonably meet the scheduled deadlines. *Id.* citing *Furry Puppet Studio Inc. v. Fall Out Boy*, No. 19-CV-2345, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020).

Judge Broderick further noted that Courts have noted examples of factors that are "not compatible with a finding of diligence and do not provide a basis for relief: carelessness, an attorney's otherwise busy schedule, or a change in litigation strategy." *Arriola at 2 citing Furry Puppet Studio Inc.* at *Id.*

Although a court may consider other factors including prejudice to the other party, diligence remains the central focus of the court's inquiry. *Desir v. Austin*, No. 13-CV-0912, 2015 WL 4546625, at 2 (E.D.N.Y. July 28, 2015).

The movant bears the burden of demonstrating good cause. *See Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (citation omitted). "[E]ven after a showing of 'good cause,' it remains within the sound discretion of the district judge whether to grant a modification or not." *Furry Puppet Studio Inc.*, 2020 WL 4978080, at *2.

Furthermore, the Second Circuit has held that under Fed. R. Civ. P. 6(b)(1)(B):

> A Court may for good cause, grant an extension for "excusable neglect," even after a deadline has passed. Fed. R. Civ. P. 6(b)(1)(B). Courts employ a four-factor analysis for excusable neglect: "(1) 'the danger of prejudice' to the nonmoving party, (2) 'the length of the delay and its potential impact on judicial proceedings,' (3) 'the reason for the delay, including whether it was within the reasonable control of the movant,' and (4) 'whether the movant acted in good faith.

*Robaina v. Deva Concepts, LLP*, No. 22-1142, 2023 WL 3144038, at *1 (2d Cir. Apr. 28, 2023) citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The Second Circuit has indicated that the third factor the reason for delay and whether it was within the movant's reasonable control, can be dispositive. *Robaina*, 2023 WL 3144038, at 2.

In this case, the Honorable Court Ordered discovery to be exchanged by May 13, 2025 and responded to by May 27, 2025.

Your affirmant was unwell and was forced to ask to be relieved in this matter. However, thankfully, your affirmant has recovered and MW is now able to handle this case to its conclusion.

It is unclear why counsel for the Respondent refused to grant your affirmant a 14 day extension due to being relieved and being unwell, especially as this was the first order of discovery and we have had only one court appearance so far.

**<u>The danger of prejudice' to the nonmoving party</u>**

3

Your affirmant would be requesting one week to send discovery demands for Petitioner and 2 weeks to respond to Respondent's discovery. There is no danger of prejudice' to the nonmoving party as a further 2 weeks of time to allow your affirmant to send discovery and respond to your affirmant's responses is still before the next court date and months before trial.

**The length of the delay and its potential impact on judicial proceedings**

The length of the delay would be about 3 weeks from the due date of responses and would have no foreseeable effect on the trial occurring on its set date.

**The reason for the delay, including whether it was within the reasonable control of the movant**

Your affirmant is an officer of the court and was relieved as counsel previously due to physical health issues your affirmant was dealing with after the Honorable Court made its discovery Order.

It is respectfully stated that it is the belief of your affirmant that physical illness should be deemed beyond the reasonable control of your affirmant and your affirmant's medical issues should not prejudice the Petitioner's case.

**Whether the movant acted in good faith**

It should be noted that your affirmant filed their motion to be relieved as timely as possible once the illness was taking its toll on your affirmant.

Your affirmant acted in good faith and wishes to protect their client to the best of their ability.

Your affirmant filed this motion today, May 30, 2025 after counsel for Respondent stated they wouldn't grant any extensions to your affirmant.

Your affirmant did indeed serve discovery demands on counsel for the Respondent. However, those requests were rejected today, May 30, 2025, causing your affirmant to file this motion today.

Counsel for Respondent asked your affirmant to wait another week so they could discuss this issue. However, further delay will only make the situation worse. Your affirmant therefore filed this as an Order to Show Cause.

## **CONCLUSION**

**WHEREFORE**, for all the foregoing reasons, MW respectfully requests that the Court grant this application and order counsel for Respondent to accept the discovery demands of your affirmant already sent to Respondent's counsel, or extend the time for Petitioner's counsel to send discovery to Respondent's counsel by one week, and extend the time for both counsel to respond to discovery by 2 weeks to the other's discovery demands.

Dated: May 30, 2025
      Woodmere, New York

                                        Respectfully submitted,

                                        Menachem White, Esq.

                                        By:  _/s/Menachem White_
                                        Menachem White, Esq.
                                        *Attorneys for Petitioner P.F.*
                                        4 Brower Avenue, Suite 3
                                        Woodmere, New York 11598
                                        (516) 504-4101
                                        Mwhite@wwlgny.com

6