# Green Kaminer Min & Rockmore LLP

**Manhattan**
420 Lexington Ave., Ste 2821
New York, New York 10170
T.212.681.6400

**Long Island**
600 Old Country Rd., Ste. 410
Garden City, New York 11530
T. 516.858.2115

May 30, 2025

<u>**VIA ECF**</u>

The Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

    *Re*:    *P.F. v. Y.F.*
             Case No. 24-CV-02333 (PMH)

Dear Judge Halpern:

       We represent the Respondent in the above-referenced Hague Convention proceeding. We write respectfully to request a pre-motion conference pursuant to Your Honor's Individual Practices, in light of the Petitioner's failure to comply with the Court's Scheduling Order (ECF No. 58). Specifically, Petitioner has not served Initial Disclosures as required under Rule 26 of the Federal Rules of Civil Procedure, nor has she served timely discovery demands or responses.

       On April 29, 2025, counsel for both parties appeared for an Initial Pretrial Conference. During that conference, the Court emphasized the importance of discovery and advised that the Court would issue a pre-trial scheduling order (the "Scheduling Order"). That same day, the Court issued the Scheduling Order, which set, in relevant part, the following deadlines:

- Initial disclosures – May 13, 2025
- Requests for Production – May 13, 2025
- Responses to Requests for Production – May 27, 2025.
- Interrogatories – May 13, 2025
- Responses to Interrogatories – May 27, 2025.
- Request for admissions – May 13, 2025.
- Responses to Requests for Admissions – May 27, 2025.
- Close of Fact discovery – June 3, 2025

       On May 13, 2025, in line with the Court's Scheduling Order, Respondent served Petitioner with his Initial Disclosures, Interrogatories, Requests for Admissions, and Requests for Production. Respondent did not receive any discovery demands from Petitioner until yesterday, May 29, 2025. Notably, this was sixteen (16) days after the deadline. Petitioner also failed to serve Initial Disclosures on May 13, 2025, or respond to Respondent's discovery requests by the May 27, 2025 deadline.

On May 29, 2025, Petitioner's counsel, Mr. Menachem White, contacted our office to meet and confer regarding an extension of the discovery deadlines. We advised that the responses were already overdue and emphasized that fact discovery was scheduled to close on June 3, 2025, but that we would confirm our position once we conferred with our client and discussed internally (ECF No. 28).

Later that evening, Petitioner served discovery demands on Respondent. On May 30, 2025, following the telephonic meet-and-confer, we emailed Mr. White informing him that we did not consent to extending the discovery deadlines and that we intended to file a letter today seeking a pre-motion conference. We noted that under the Scheduling Order, "[a]ny of the interim deadlines in paragraphs 5(b) through 5(e) may be extended by written consent of all parties **without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5(a)."** (ECF No. 58) (emphasis added). Paragraph 5(a) sets June 3, 2025, as the close of fact discovery.

This Court reminded Petitioner's counsel that they must abide by all the deadlines in the order granting, in part, their request to withdraw as counsel on May 16, 2025, and denying their request for a 30-day stay (ECF No. 63). Nonetheless, counsel for Petitioner continued to disregard Your Honor's Scheduling Order. Therefore, Petitioner's untimely demands prejudice Respondent and should be disregarded.

Respondent intends to seek various relief related to Petitioner's failure to abide by the Court's Scheduling Order, which is severely prejudicial to Respondent. This includes seeking appropriate sanctions, filing a motion to compel, or filing a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Given the foregoing, we respectfully request that the Court schedule a pre-motion conference at its earliest convenience to address the issues referenced herein. We thank the Court for its time and consideration of this matter.

Respectfully,

/s/Michael Banuchis
Michael Banuchis
*Attorney for Respondent*

cc: All Counsel (by ECF)