EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of B.F. and M.F., ) | |
| ) | |
| P.F. ) | |
| ) | |
| Petitioner, ) | Case No. 7:24-cv-02333-PMH |
| ) | |
| vs. ) | |
| ) | |
| Y.F., ) | |
| ) | |
| Respondent. ) | |

**PETITIONER'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

     PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the above-named Petitioner hereby requests Respondent to produce the documents requested herein for examination, inspection and copying <u>no later than June 20, 2025</u>, to the offices of The Law Office of Menachem White, PLLC located at 4 Brower Avenue, Suite 3, Woodmere, New York 11598, segregated to reflect the request pursuant to which the documents are being produced, and in accordance with the following definitions and instructions.

**DEFINITIONS**

     The rules of construction and definitions set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, as well the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated as if set forth fully herein. In addition, the following Definitions shall apply:

1. "Document" shall be accorded its broadest possible meaning under the Federal Rules of Civil Procedure and the Local Rules for the Southern and Eastern Districts; such meaning shall include any written, printed, typed or other graphic matter of any kind or nature, however produced or reproduced or, whether sent or received or neither, including but not limited to originals and non-identical copies and all drafts of correspondence, memoranda, wire transfer instructions, transcripts, agendas, reports, notes, letters, analyses, minutes, desk calendars, appointment books, diaries, lists, and other written material of any kind; photographs, phone records, tapes or other visual, audio, magnetic or optical recordings; and dated compilations of any kind or in any other form capable of being read, heard or otherwise understood.

2. "Or" means "and/or," and "any" means "any and all." Those terms shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the requests all documents or responses that might otherwise be construed to be outside the scope.

1

3. Whenever a singular form appears, it shall be construed as plural, and vice versa as necessary to bring within the scope of the requests all documents or responses that might otherwise be construed to be outside the scope.

4. "Person" means any individual, partnership, firm, association, corporation, government agency or other legal business entity.

5. "Communication" means every manner of transmitting or receiving information, facts, ideas, inquiries, opinions or thoughts whether orally, in writing or otherwise.

6. Each of the phrases "regarding," "reflecting," "referring or relating to," or "with respect to," in addition to its other customary and usual meanings, means reflecting, discussing, evidencing, constituting, mentioning, pertaining to, assessing, recording, describing, touching upon or summarizing.

7. "Petitioner" shall mean Perl Felberbaum.

8. "Respondent" or "you" or "your" shall mean Respondent Yaakov Felberbaum. Such references shall include attorneys or other agents acting at the request or on behalf of the Respondent in connection with this lawsuit or any of the matters referred to in the pleadings.

9. When referring to documents, "to identify" means to give to Petitioner's counsel a true copy of the documents.

10. The "subject Children" means the children of the parties, Blima Felberbaum and Moshe Felberbaum.

## INSTRUCTIONS

1. If any document otherwise required to be produced in response to these document requests is withheld from production, the Petitioner shall, nevertheless, identify each such document stating as to each (i) the type of document; (ii) general subject matter; (iii) date of the document; (iv) author(s), addresses(s), and recipient(s), and if different, its signatory or signatories and the date and place of its preparation; and (v) the specific basis upon which the document is withheld, including but not limited to whether the attorney-client privilege is claimed.

2. This request is continuing in nature and requires further and supplemental production if additional information or documents responsive hereto are discovered between the time of the initial production hereunder and the time of hearing and trial of this action.

3. If you object to any question or request or part of an item or category, the objection and part objected to shall be specified in accord with Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, and within the time limits set forth in those Rules.

**DOCUMENT REQUESTS**

1. All documents and communications identified or referenced in your initial disclosures or in your responses to any Interrogatories.

2. All communications between you and each and every individual identified in your initial disclosures.

3. All documents that relate to your contention that you and/or your children maintained or intended to maintain habitual residence in Israel.

4. All documents, correspondence, and/or records (whether written, electronic, or otherwise) relating to the children's life in Israel, including but not limited to, school records, medical and dental records, records related to immigration status, housing, proof of enrollment and disenrollment and/or attendance at any school and extra-curricular activities.

5. All documents and communications relating to the allegations that you inflicted physical, mental, and/or emotional harm on Petitioner and/or your children at any time from July 2019 through April 2023, including photographs, videos, therapist and medical reports, communications, notes etc.

6. All medical records that relate to your physical and mental health from July 2019 to present.

7. All communications that relate to your physical and mental health from July 2019 to present.

8. All employment records of yourself between 2019 and the present day.

9. All written, oral or video communications however recorded, whether electronically or otherwise, including but not limited to, text messages, email communications, SMS messages, voice recordings, and other communications in your possession or control between you and Petitioner that relate to the claims in the Petition (ECF No. 1) and your Answer (ECF No. 58), and between you and all individuals listed in Petitioner's Initial Disclosures or any witnesses that Respondent intends to call at the Evidentiary Hearing that relate to the claims in

3

the Petition (ECF No.1).

10. All documents in any expert's file you intend to call as an expert witness in this case, or that you have retained as an expert witness in this case, including but not limited to, any and all communications between the expert witness and you or your agents.

11. All communications or correspondence to or from your lawyer that was forwarded to any other person, other than your lawyer, including but not limited to communications that you sent your lawyer and cc'd or bcc'd any person other than your lawyer from April 2023 to present.

12. All documents referred to in your Verified Answer to Petitioner's Petition for the Return of Children to Isreal.

13. All letters and correspondence, including electronic communications, such as text messages and emails that constitute or contain matters relevant to the subject matters of this lawsuit, including but not limited to the children's habitual residence, Petitioner's rights of custody and the exercise of those rights, waiver, consent and/or acquiescence to the children's removal or retention, grave risk of harm, and any defenses raised by you.

14. All documents and communications wherein the Petitioner agreed to allow you to move with the children to the Unsited States from Israel.

15. Any and all documents, correspondence, and/or records relating to the location of your residences in Israel between 2019 and 2023, including but not limited to, utilities and tax bills as proof of renting an apartment.

16. All school records regarding the Children's emotional state and behavior, including but not limited to, the children's absences from school and their lack of progress in school.

17. All school records of the children in the United States from 2023 until the present.

18. All of yours and/or the children's travel records since 2019, including but not limited to, flight confirmations or receipts, lodging confirmations and receipts.

19. Any and all travel restrictions against Respondent and/or the Children from Israel, the United States, or anywhere else internationally.

20. All of your criminal records from any state and/or country and any and all police reports pertaining to you and/or involving you, including but not limited to reports from Ramapo police.

21. All documents, correspondence, and records, from both private and public medical services, related to the Petitioner's physical and mental health care in Israel, including but not limited to, medical reports, evaluations, prescriptions, and therapy records.

22. Any and all documents, correspondence, and records related to any files maintained by the Israeli Police Department concerning the Petitioner, yourself, and/or the Children, including but not limited to reports, investigations, statements and any other related materials such as arrest records.

23. All documents, correspondence, and records related to the subject Children from the local organization in the Israeli government that oversees and ensures that children are attending school in Israel.

24. All documentation, correspondence, and records relating to any court proceedings involving the Petitioner, Respondent and/or the Children.

25. All of Petitioner's and/or Respondent's phones, iPads and computers, including but not limited to external hard drives, in Respondent's possession.

26. All documents and/or records relating to the Respondent's full or partial employment history in Israel since 2011 through to present.

27. All documents and/or records in the Rabanut about yourself.

28. The file of Respondent, Petitioner, and the Children, in Kupat Hashchuna and Ravacha in Bet Shemesh.

29. All documents, correspondence, and/or records relating to the Children at Mechon Weissman.

30. All documents, correspondence, and/or records relating to the Petitioner from Mechon Lehorua in Monsey.

31. All documents, correspondence, and/or records relating to the Petitioner at Magia Loch in Bet Shemesh.

32. All documents that support any contention by you that the Children will face grave risk of psychological or physical harm if returned to Isreal, including but not limited to, to Petitioner's parents' home.

33. Any Child Protective Services or welfare reports from New York related to the Children.

34. All diaries, notes, memoranda, journals, or calendars, including electronic diaries, notes, memoranda, journals, or calendars, or other written logs that constitute or contain matters relevant to the subject matters of this lawsuit, including but not limited to the children's habitual residence, Petitioner's rights of custody in Bnei Brak and the exercise of those rights, waiver, consent and/or acquiescence to the children's removal or retention, grave risk of harm, and any other defenses raised by you.

35. All documents that support the claims that you intend to raise in this Action not otherwise already produced in response to these requests and which you intend to rely on or use at trial.

Dated: June 4, 2025

                                  Respectfully submitted,

                                  /s/ *Menachem White, Esq.*
                                  Law Office of Menachem White PLLC
                                  4 Brower Avenue, Suite 3
                                  Woodmere, New York 11598
                                  Telephone: (516) 504-4101
                                  Mwhite@wwlgny.com
                                  Attorneys for Petitioner, P.F.