EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In the Matter of B.F. and M.F., | ) |
| | ) |
| P.F. | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| Y.F. | ) |
| | ) |
| Respondent. | ) |
| | ) |

Case No. 7:24-cv-02333-PMH

**RESPONDENT'S RESPONSES AND OBJECTIONS TO PETITIONER'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Respondent Y.F. ("Respondent" or "Y.F."), by and through his undersigned counsel, hereby submits these Responses and Objections to P.F.'s ("Petitioner" or "P.F.") Requests for Production of Documents (collectively, the "Requests") dated June 4, 2025, in the above-captioned case as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      Respondent has not completed his investigation related to this action and has not completed preparation for trial. These responses reflect the current state of the Respondent's knowledge, understanding and belief with respect to the matters addressed in the Petitioner's Request for Production. These responses are neither intended as, nor shall in any way be deemed, as an admission or representation that further information or documents do not exist. Pursuant to Fed. R. Civ. P. 26, Respondent reserves the right to modify or supplement his response with such pertinent information as it may subsequently discover. Furthermore, these responses are given without prejudice to Respondent's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these answers as a result of, among other things, mistake, error, oversight, or inadvertence. Respondent declines to

produce multiple copies of documents and each document which is produced and identified as responsive to any request is also produced pursuant to any other request to which it is or may be responsive. Respondent declines to produce and send documents to Petitioner which were already produced by Respondent or by Petitioner herself in the course of this proceeding.

2.      The fact that Respondent responds to any Document Request shall not be construed as a waiver of all or any part of the objections interposed by Respondent to any Document Request.

3.      Nothing contained herein is intended to be, nor shall in any way be construed as, a waiver of any attorney-client privilege, work-product protection, right to privacy, or any other applicable privilege, immunity, or protection. Any inadvertent inspection and subsequent production of any privileged information shall not constitute a waiver of any of the rights or privileges of Respondent, and Respondent reserves the right to demand the return of any such document and all copies thereof. To the extent that any Document Request may be construed as calling for disclosure of documents or information protected by any privilege, immunity, or protection, a continuing objection is hereby interposed.

4.      Respondent's response to a specific Document Request should not be construed as an admission that Respondent accepts or admits the existence of any documents, evidence, fact and/or thing, and/or the validity of any legal argument, set forth in or assumed by such Document Request.

5.      The fact that Respondent produces documents in response to a Document Request does not mean that any of these documents constitute admissible evidence.

6.      Respondent has not completed his investigation of the facts relating to this case and has not completed preparation for trial. The following responses are based upon information presently available to Respondent and are made without prejudice to the right to utilize

subsequently discovered facts, witnesses, documents or things, or legal arguments. Respondent specifically reserves the right to supplement these responses and to do so to the extent required or permitted under the Federal Rules of Civil Procedure.

7.      Respondent reserves all rights to challenge the competency, relevance, materiality, and admissibility of, or to object on any grounds to the use of, the information identified herein in any subsequent proceeding or the trial of this or any other action.

## **GENERAL OBJECTIONS**

8.      Respondent objects to each Request, Definition, and Instruction to the extent that they purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence and the Local Civil Rules of the United States District Court for the Southern District of New York (collectively, the "Applicable Authorities"). Respondent will construe and respond to the Requests in accordance with the Applicable Authorities.

9.      Respondent objects to the Requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, and/or call for documents/information that are neither relevant to any Party's claims or defenses nor proportional to the needs of the case, including Requests for "any" and "all" materials pertaining to the information sought.

10.     Respondent objects to the Requests to the extent they do not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b).

11.     Respondent objects to the Requests to the extent that they seek the production of proprietary, confidential, financial, personal, or regulatory information of Respondent or any other

persons that are not Parties to the Action, including private or confidential information about Petitioner and the children of the parties, B.F. and M.F. (the "Children").

12.    Respondent objects to the Requests to the extent that they seek the production of materials covered by non-disclosure or confidentiality agreements with third parties or that would violate the privacy interests of others. To the extent Respondent produces such materials, he will do so subject to any right or obligation to provide affected third parties with notice and an opportunity for them to object to the production.

13.    Respondent objects to the Requests to the extent that they require Respondent to provide information not in Respondent's possession, custody, or control.

14.    Respondent objects to the Requests to the extent that they purport to impose a burden on Respondent to produce documents beyond those that might reasonably be located through a good- faith search of locations likely to contain relevant and responsive documents.

15.    Respondent objects to the Requests to the extent that they seek documents or information that is (i) publicly available, (ii) already in Petitioner's possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

16.    Respondent objects to the Requests to the extent that they are argumentative, lack foundation, assume the existence of facts that do not exist or the occurrence of events that did not take place, or incorporate allegations or characterizations of facts, events, and circumstances that are disputed or erroneous. In objecting and responding to the Requests, Respondent does not admit the accuracy of any such allegations or characterizations.

17.    Respondent objects to the Requests to the extent that the expense of the productions sought outweighs their likely benefit, including because such discovery is not proportional to the needs of the case.

18.    Respondent objects to the Requests to the extent they seek the production of documents or information that are located in jurisdictions subject to data privacy, confidentiality, or other laws that limit or prohibit the transfer of such documents, data, or information outside of the jurisdiction.

19.    Respondent objects to the Requests on the grounds that they are not limited by any time frame and, as written, could be understood to require the production of documents or information regardless of when they were created or whether they are relevant or proportional to the needs of the case. Thus, these requests are vague, ambiguous, overbroad, and unduly burdensome. In responding to these Requests, Respondent will only produce documents, if any, from a reasonable and relevant time period.

20.    Respondent objects to each Request, Definition, and Instruction to the extent it calls for or contains a legal conclusion.

21.    Respondent objects to each Request, Definition, and Instruction to the extent that it seeks information already in the possession of Petitioner.

22.    Respondent objects to each Request, Definition and Instruction to the extent that it is unreasonably cumulative or duplicative.

23.    Counsel for Respondent is willing to meet and confer with Petitioner to discuss its objections and responses to the Requests in a good-faith attempt to resolve any disagreements between the Parties. To the extent that Respondent responds that it will produce documents in response to any of these Requests, Respondent is not making an admission that the documents exist  or are discoverable. Rather, Respondent is agreeing to undertake a reasonable, good-faith search for responsive documents, as agreed by the Parties or ordered by the Court, as the documents are maintained in the ordinary course, and to produce only those documents that are

responsive, not privileged, and not otherwise subject to any objection. Respondent is not offering or promising to search for and produce every document or piece of information that may exist in its possession, custody, or control, and/or to search for all documents arguably responsive to a particular topic.

24.      Respondent's responses and objections are based upon information presently known to Respondent. Respondent reserves all of his rights, preserves all objections to the Requests, and may assert additional General Objections, Objections to Definitions, Objections to Instructions, and/or  Specific Objections to the Requests if or when he supplements her responses and objections.

## OBJECTIONS TO DEFINITIONS

25.      Respondent objects to all of the Definitions to the extent that they seek to impose obligations that are beyond or different from those imposed by the Applicable Authorities.

## OBJECTIONS TO INSTRUCTIONS

29.      Respondent objects to all of the Instructions to the extent that they seek to impose obligations on Respondent that are beyond or different from those imposed by the Applicable Authorities. Respondent will comply with the Applicable Authorities.

## SPECIFIC RESPONSES AND OBJECTIONS

**RFP NO. 1:** All documents and communications identified or referenced in your initial disclosures or in your responses to any Interrogatories.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents and communications" concerning the subject matter of the

request without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce nonprivileged documents or communications in response to this request in folder "RFP 1" that can be identified through a reasonable, good-faith search.

**RFP NO. 2:** All communications between you and each and every individual identified in your initial disclosures.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll communications" concerning the subject matter of the request without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent objects to this request to the extent that it seeks the production of proprietary, confidential, financial, personal, or regulatory information of Respondent or any other persons that are not Parties to the Action, including private or confidential information about Respondent and the children of the parties, M.F. and B.F. (the "Children").

Additionally, Respondent objects to this request to the extent that it is vague, ambiguous, overbroad, unduly burdensome, and/or calls for documents/information that are neither relevant to any Party's claims or defenses nor proportional to the needs of the case, including Requests for "any" and "all" materials pertaining to the information sought.

Respondent further objects to this request on the grounds that it is not limited by any time frame and, as written, could be understood to require the production of documents or information regardless of when they were created or whether they are relevant or proportional to the needs of the case. Thus, these requests are vague, ambiguous, overbroad, and unduly burdensome.

Moreover, Respondent objects to this request to the extent that the expense of the productions sought outweighs their likely benefit, including because such discovery is not proportional to the needs of the case.

Respondent objects to this request to the extent that it purports to impose a burden on Respondent to produce documents beyond those that might reasonably be located through a good-faith search of locations likely to contain relevant and responsive documents.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce nonprivileged documents or communications in response to this request in folder "RFP 2" that can be identified through a reasonable, good-faith search.

**RFP NO. 3:** All documents that relate to your contention that you and/or your children maintained or intended to maintain habitual residence in Israel.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request to the extent it calls for or contains a legal conclusion and it mischaracterizes Respondent's claims, as Respondent never claimed that the children maintained or intended to maintain habitual residence in Israel.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, and based on the information

available to Respondent, Respondent states that, at the time this response is made, there are no responsive documents to this Request.

**RFP NO. 4:** All documents, correspondence, and/or records (whether written, electronic, or otherwise) relating to the children's life in Israel, including but not limited to, school records, medical and dental records, records related to immigration status, housing, proof of enrollment and disenrollment and/or attendance at any school and extra-curricular activities.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request on the grounds that it is not limited by any time frame and, as written, could be understood to require the production of documents, communications, or information regardless of when they were created or whether they are relevant or proportional to the needs of the case. Thus, this Request is vague, ambiguous, overbroad, and unduly burdensome. In responding to this Request, Respondent will only produce documents or communications, if any, from a reasonable and relevant time period.

Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents, correspondence, and/or records" concerning the subject matter of the request.

Furthermore, Respondent further objects to this Request to the extent that it seeks documents available to Petitioner from other sources that are more convenient, less burdensome, or less expensive, including Petitioner herself, from publicly available sources, or from third parties.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce

nonprivileged documents or communications in response to this request in folder "RFP 4" that can be identified through a reasonable, good-faith search.

**RFP NO. 5:** All documents and communications relating to the allegations that you inflicted physical, mental, and/or emotional harm on Petitioner and/or your children at any time from July 2019 through April 2023, including photographs, videos, therapist and medical reports, communications, notes etc.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request insofar as it mischaracterizes Respondent's claims, as Petitioner has never alleged in her papers or filings that Respondent inflicted physical, mental, and/or emotional harm on her and/or the children. Rather, it is the Respondent that is invoking the Grave Risk of Harm defense and claiming that the Petitioner was psychologically abusive, and her first-son was physically abusive, towards the children.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, and based on the information available to Respondent, Respondent states that, at the time this response is made, there are no responsive documents to this Request.

**RFP NO. 6:** All medical records that relate to your physical and mental health from July 2019 to present.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll medical records" without regard for whether those documents are material

or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent objects to this Request in that it seeks documents, communications, or information that are not relevant to this case, including any claims or defenses in this Action.

Furthermore, Respondent further objects to this Request to the extent that it seeks documents, communications, or information that are exempt from discovery or protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, confidentiality agreements, the doctor-patient privilege or any other applicable privilege, doctrine, protection, or immunity.

Respondent further objects to this Request to the extent it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b).

Respondent further objects to this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner's possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

**RFP NO. 7:** All communications that relate to your physical and mental health from July 2019 to present.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll medical records" without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent objects to this Request in that it seeks documents, communications, or information that are not relevant to this case, including any claims or defenses in this Action.

Respondent further objects to this Request to the extent it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b).

Respondent further objects to this Request to the extent that it seeks documents, communications, or information that are exempt from discovery or protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, confidentiality agreements, the doctor-patient privilege or any other applicable privilege, doctrine, protection, or immunity.

Respondent further objects to this Request to the extent that it is unreasonably cumulative and duplicative. Furthermore, such discovery infringes on medical and/or patient privacy rights of Respondent and the Children.

**RFP NO. 8:** All employment records of yourself between 2019 and the present day.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request to the extent that it seeks information that is not relevant to the Party's claims or defenses in this case. Documents relating to Respondent's employment, which he maintained prior to and throughout this case, are not relevant to the Party's claims and defenses in this case. Even if such documents, communications, or information were relevant to the case, this Request is unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll employment records" without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent further objects to this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner's possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, and based on the information available to Respondent, Respondent states that there are no responsive documents to this Request. Respondent further notes that he believes there might be employment records stored in his old computer, which is in the Petitioner's possession in Israel.

**RFP NO. 9:** All written, oral or video communications however recorded, whether electronically or otherwise, including but not limited to, text messages, email communications, SMS messages, voice recordings, and other communications in your possession or control between you and Petitioner that relate to the claims in the Petition (ECF No. 1) and your Answer (ECF No. 58), and between you and all individuals listed in Petitioner's Initial Disclosures or any witnesses that Respondent intends to call at the Evidentiary Hearing that relate to the claims in the Petition (ECF No.1).

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request on the grounds that it is not limited by any time frame and, as written, could be understood to require the production of documents, communications, or information regardless of when they were created or whether they are relevant or proportional to the needs of the case. Thus, this Request is vague, ambiguous, overbroad, and unduly burdensome. In responding to this Request, Respondent will only produce documents or communications, if any, from a reasonable and relevant time period.

Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ny documents or communications made by any person or party" concerning the subject matter of the request without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent further objects to this request as it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b). Respondent further objects to this Request to the extent that it seeks documents available to Petitioner from other sources that are more convenient, less burdensome, or less expensive, including Respondent herself, from publicly available sources, or from third parties.

Respondent further objects to this Request to the extent that it seeks documents, communications, or information concerning the Children's medical records, regardless of whether those medical records are relevant to either Party's claims or defenses. Such documents, communications, or information, if sought, are for this reason and other reasons not relevant to any Party's claims or defenses, and if relevant would impose discovery burdens on Respondent that are not proportional to the needs of the case. Furthermore, such discovery infringes on medical and/or patient privacy rights of Respondent and the Children. Respondent further objects to this Request to the extent it seeks documents, communications, or information from any experts beyond those subject to proper discovery under the Applicable Authorities, including any exclusions of documents subject to any applicable privilege, doctrine, protection, or immunity.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent states that, at the time

this response is made, there are no responsive documents to this Request. Respondent notes that the majority, if not all, of his conversations with individuals are done telephonically or in person.

**RFP NO. 10:** All documents in any expert's file you intend to call as an expert witness in this case, or that you have retained as an expert witness in this case, including but not limited to, any and all communications between the expert witness and you or your agents.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response.

Respondent objects to this Request to the extent that they seek the production of materials covered by non-disclosure or confidentiality agreements with third parties or that would violate the privacy interests of others. To the extent Respondent produces such materials, he will do so subject to any right or obligation to provide affected third parties with notice and an opportunity for them to object to the production.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, and based on the information available to Respondent, Respondent states that, at the time this response is made, Respondent's expert does not have an expert file as he was just recently contacted and no retainer agreement has been signed yet. The Respondent will produce communications between his counsel and his expert witness made thus far at folder "RFP 10."

**RFP NO. 11:** All communications or correspondence to or from your lawyer that was forwarded to any other person, other than your lawyer, including but not limited to communications that you sent your lawyer and cc'd or bcc'd any person other than your lawyer from April 2023 to present.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response.

Respondent objects to this Request in that it seeks documents, communications, or information that are not relevant to any of the claims or defenses in this Action nor reasonably calculated to lead to the discovery of admissible evidence.

Respondent further objects to this Request to the extent that it seeks documents, communications, or information that are exempt from discovery or protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, confidentiality agreements, the doctor-patient privilege or any other applicable privilege, doctrine, protection, or immunity. Petitioner further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll communications or correspondence" concerning the subject matter of the request without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent further objects to this Request to the extent that it seeks documents, communications, or information that are exempt from discovery or protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, confidentiality agreements, the doctor-patient privilege or any other applicable privilege, doctrine, protection, or immunity. Given these objections, Respondent will not produce communications between himself and his counsel, which have been forwarded to his interpreter. *See People v. Osorio,* 75 N.Y.2d 80, 84, 549 N.E.2d 1183, 1185 (1989) (when a third party assists in the provision of legal advice—whether by facilitating communication between the client and the attorney's employees, acting as an interpreter, or serving as an "agent of either the attorney or the client"—the involvement of that third party does not constitute a waiver of attorney-client privilege.).

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, and based on the information available to Respondent, Respondent states that there are no responsive documents to this Request.

**RFP NO. 12:** All documents referred to in your Verified Answer to Petitioner's Petition for the Return of Children to Israel.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request on the ground that no documents were referred to in Respondent's Verified Answer.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, and based on the information available to Respondent, Respondent states that there are no responsive documents to this Request.

**RFP NO. 13:** All letters and correspondence, including electronic communications, such as text messages and emails that constitute or contain matters relevant to the subject matters of this lawsuit, including but not limited to the children's habitual residence, Petitioner's rights of custody and the exercise of those rights, waiver, consent and/or acquiescence to the children's removal or retention, grave risk of harm, and any defenses raised by you.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request on the grounds that it is not limited by any time frame and, as written, could be understood to require the production of documents, communications, or information regardless of when they were created or whether they are relevant or proportional to the needs of the case. Thus, this Request is vague, ambiguous, overbroad, and unduly burdensome. In responding to this

Request, Respondent will only produce documents or communications, if any, from a reasonable and relevant time period.

Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents or communications" concerning the subject matter of the request and it does not define what is meant by "the position of either party."

Respondent further objects to this request as it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b). Respondent further objects to this request to the extent that the expense of the productions sought outweigh their likely benefit because such discovery is not proportional to the needs of this case.

Respondent further objects to this Request on the ground that producing communications would violate the privacy interests of others. To the extent Respondent produces such materials, he will do so subject to any right or obligation to provide affected third parties with notice and an opportunity for them to object to the production.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce nonprivileged documents or communications in response to this request in folder "RFP 13" that can be identified through a reasonable, good-faith search.

**RFP NO. 14:** All documents and communications wherein the Petitioner agreed to allow you to move with the children to the United States from Israel.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to

this Request on the grounds that it is not limited by any time frame and, as written, could be understood to require the production of documents or information regardless of when they were created or whether they are relevant or proportional to the needs of the case. Thus, this Request is vague, ambiguous, overbroad, and unduly burdensome. In responding to this Request, Respondent will only produce documents, if any, from a reasonable and relevant time period.

Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents and communications" concerning the subject matter of the request.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent states that, at the time this response is made, there are no responsive documents to this Request.

**RFP NO. 15:** Any and all documents, correspondence, and/or records relating to the location of your residences in Israel between 2019 and 2023, including but not limited to, utilities and tax bills as proof of renting an apartment.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request to the extent it seeks the production of documents that are not in the possession, custody, and control of Respondent. Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks copies of "[a]ny and all" concerning the subject matter of the request.

Respondent further objects to this Request to the extent it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b).

Respondent further objects to this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner's possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce nonprivileged documents or communications in response to this request in folder "RFP 15" that can be identified through a reasonable, good-faith search.

**RFP NO. 16:** All school records regarding the Children's emotional state and behavior, including but not limited to, the children's absences from school and their lack of progress in school.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

Respondent further objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome. In responding to this Request, Respondent will only produce documents or communications, if any, from a reasonable and relevant time period. Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll school records" without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce

nonprivileged documents or communications in response to this request in folder "RFP 16" that can be identified through a reasonable, good-faith search.

**RFP NO. 17:** All school records of the children in the United States from 2023 until the present.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll school records" without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent further objects to this Request to the extent it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b).

Respondent further objects to this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner's possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce nonprivileged documents or communications in response to this request in folder "RFP 17" that can be identified through a reasonable, good-faith search.

**RFP NO. 18:** All of yours and/or the children's travel records since 2019, including but not limited to, flight confirmations or receipts, lodging confirmations and receipts.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to

this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

Respondent further objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome. In responding to this Request, Respondent will only produce documents or communications, if any, from a reasonable and relevant time period. Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all "travel records" without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce nonprivileged documents or communications in response to this request in folder "RFP 18" that can be identified through a reasonable, good-faith search.

**RFP NO. 19:** Any and all travel restrictions against Respondent and/or the Children from Israel, the United States, or anywhere else internationally.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

Respondent further objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome. In responding to this Request, Respondent will only produce documents

or communications, if any, from a reasonable and relevant time period. Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ny and all travel restrictions" without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce nonprivileged documents or communications in response to this request in folder "RFP 19" that can be identified through a reasonable, good-faith search.

**RFP NO. 20:** All of your criminal records from any state and/or country and any and all police reports pertaining to you and/or involving you, including but not limited to reports from Ramapo police.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request to the extent it seeks the production of documents that are not in the possession, custody, and control of Respondent. Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks copies of "[a]ny and all" concerning the subject matter of the request.

Respondent further objects to this Request as vague and ambiguous because of the undefined term "all of your criminal records from any state and/or country" and "all police reports." Respondent further objects to this Request to the extent that it seeks documents from other sources that are more convenient, less burdensome, or less expensive, including Petitioner herself, from publicly available sources, or from third parties.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce nonprivileged documents or communications in response to this request in folder "RFP 20" that can be identified through a reasonable, good-faith search.

**RFP NO. 21:** All documents, correspondence, and records, from both private and public medical services, related to the Petitioner's physical and mental health care in Israel, including but not limited to, medical reports, evaluations, prescriptions, and therapy records.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request to the extent that it seeks documents available to Petitioner from other sources that are more convenient, less burdensome, or less expensive, including Petitioner herself, from publicly available sources, or from third parties.

Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents, correspondence, and records" concerning the subject matter of the request.

Furthermore, Respondent objects to this Request on the grounds that it is not limited by any time frame and, as written, could be understood to require the production of documents, communications, or information regardless of when they were created or whether they are relevant or proportional to the needs of the case. Thus, this Request is vague, ambiguous, overbroad, and unduly burdensome. In responding to this Request, Respondent will only produce documents or communications, if any, from a reasonable and relevant time period.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce

nonprivileged documents or communications in response to this request in folder "RFP 21" that can be identified through a reasonable, good-faith search.

**RFP NO. 22:** Any and all documents, correspondence, and records related to any files maintained by the Israeli Police Department concerning the Petitioner, yourself, and/or the Children, including but not limited to reports, investigations, statements and any other related materials such as arrest records.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ny and all documents, correspondence, and records" concerning the subject matter of the request without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Additionally, Respondent objects to this request to the extent that it is vague, ambiguous, overbroad, unduly burdensome, and/or calls for documents/information that are neither relevant to any Party's claims or defenses nor proportional to the needs of the case, including Requests for "any" and "all" materials pertaining to the information sought.

Respondent further objects to this request on the grounds that it is not limited by any time frame and, as written, could be understood to require the production of documents or information regardless of when they were created or whether they are relevant or proportional to the needs of the case. Thus, these requests are vague, ambiguous, overbroad, and unduly burdensome.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce

nonprivileged documents or communications in response to this request in folder "RFP 22" that can be identified through a reasonable, good-faith search.

**RFP NO. 23:** All documents, correspondence, and records related to the subject Children from the local organization in the Israeli government that oversees and ensures that children are attending school in Israel.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents, correspondence, and records" without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent objects to this Request in that it seeks documents, communications, or information that are not relevant to this case, including any claims or defenses in this Action.

Furthermore, Respondent further objects to this Request to the extent that it seeks documents, communications, or information that are exempt from discovery or protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, confidentiality agreements, the doctor-patient privilege or any other applicable privilege, doctrine, protection, or immunity.

Respondent further objects to this Request to the extent it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b). Respondent further objects to this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner's possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce nonprivileged documents or communications in response to this request in folder "RFP 23" that can be identified through a reasonable, good-faith search.

**RFP NO. 24:** All documentation, correspondence, and records relating to any court proceedings involving Petitioner, Respondent and/or the Children.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

Respondent further objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome. In responding to this Request, Respondent will only produce documents or communications, if any, from a reasonable and relevant time period. Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documentation, correspondence, and records" without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent further objects to this request as it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b).

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce

nonprivileged documents or communications in response to this request in folder "RFP 24" that can be identified through a reasonable, good-faith search.

**RFP NO. 25:** All of Petitioner's and/or Respondent's phones, iPads and computers, including but not limited to external hard drives, in Respondent's possession.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request to the extent it seeks the production of documents that are not in the possession, custody, and control of Respondent.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, and based on the information available to Respondent, Respondent states that, at the time this response is made, there are no responsive documents to this Request. Respondent notes that Petitioner is in possession of his phone, iPad, and computer, including his external hard drive; hence why this request for production was made on Petitioner.

**RFP NO. 26:** All documents and/or records relating to the Respondent's full or partial employment history in Israel since 2011 through to present.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

Respondent further objects to this Request to the extent it is vague, ambiguous, overbroad, and unduly burdensome. In responding to this Request, Respondent will only produce documents or communications, if any, from a reasonable and relevant time period.

Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents and/or records" without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent further objects to this Request in that it seeks documents, communications, or information that are not relevant to this case, including any claims or defenses in this Action.

**RFP NO. 27:** All documents and/or records in the Rabanut about yourself.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this request to the extent it appears to have been copied verbatim from Respondent's own Requests for Production of Documents to Petitioner, dated May 13, 2025. Respondent deliberately sought these documents from Petitioner because he does not possess them and cannot access them, as they are located in Israel.

Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents and/or records" without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent objects to this Request in that it seeks documents, communications, or information that are not relevant to this case, including any claims or defenses in this Action.

Furthermore, Respondent further objects to this Request to the extent that it seeks documents, communications, or information that are exempt from discovery or protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, confidentiality agreements, the doctor-patient privilege or any other applicable privilege, doctrine, protection, or immunity.

Respondent further objects to this Request to the extent it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b).

Respondent further objects to this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner's possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

Respondent objects to this Request insofar as it seeks to impose a burden on Respondent to produce documents beyond those that might reasonably be located through a good- faith search of locations likely to contain relevant and responsive documents.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce nonprivileged documents or communications in response to this request in folder "RFP 27" that can be identified through a reasonable, good-faith search.

**RFP NO. 28:** The file of Respondent, Petitioner, and the Children, in Kupat Hashchuna and Ravacha in Bet Shemesh.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this request to the extent it appears to have been copied verbatim from Respondent's own Requests

for Production of Documents to Petitioner, dated May 13, 2025. Respondent deliberately sought these documents from Petitioner because he does not possess them and cannot access them, as they are located in Israel.

Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents and/or records" without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent objects to this Request in that it seeks documents, communications, or information that are not relevant to this case, including any claims or defenses in this Action.

Furthermore, Respondent further objects to this Request to the extent that it seeks documents, communications, or information that are exempt from discovery or protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, confidentiality agreements, the doctor-patient privilege or any other applicable privilege, doctrine, protection, or immunity.

Respondent further objects to this Request to the extent it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b).

Respondent further objects to this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner's possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

Respondent objects to this Request insofar as it seeks to impose a burden on Respondent to produce documents beyond those that might reasonably be located through a good- faith search of locations likely to contain relevant and responsive documents.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce nonprivileged documents or communications in response to this request in folder "RFP 28" that can be identified through a reasonable, good-faith search.

**RFP NO. 29:** All documents, correspondence, and/or records relating to the Children at Mechon Weissman.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this request to the extent it appears to have been copied verbatim from Respondent's own Requests for Production of Documents to Petitioner, dated May 13, 2025. Respondent deliberately sought these documents from Petitioner because he does not possess them and cannot access them, as they are located in Israel.

Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents and/or records" without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent objects to this Request in that it seeks documents, communications, or information that are not relevant to this case, including any claims or defenses in this Action.

Furthermore, Respondent further objects to this Request to the extent that it seeks documents, communications, or information that are exempt from discovery or protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, confidentiality agreements, the doctor-patient privilege or any other applicable privilege, doctrine, protection, or immunity.

Respondent further objects to this Request to the extent it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b).

Respondent further objects to this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner's possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

Respondent objects to this Request insofar as it seeks to impose a burden on Respondent to produce documents beyond those that might reasonably be located through a good- faith search of locations likely to contain relevant and responsive documents.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, and based on the information available to Respondent, Respondent states that, at the time this response is made, there are no responsive documents to this Request.

**RFP NO. 30:** All documents, correspondence, and/or records relating to the Petitioner from Mechon Lehorua in Monsey.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this request to the extent it appears to have been copied verbatim from Respondent's own Requests for Production of Documents to Petitioner, dated May 13, 2025. Respondent deliberately sought these documents from Petitioner because he does not possess them and cannot access them, as they pertain to Petitioner and are therefore not accessible to Respondent.

Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents and/or records" without

regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent objects to this Request in that it seeks documents, communications, or information that are not relevant to this case, including any claims or defenses in this Action.

Furthermore, Respondent further objects to this Request to the extent that it seeks documents, communications, or information that are exempt from discovery or protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, confidentiality agreements, the doctor-patient privilege or any other applicable privilege, doctrine, protection, or immunity.

Respondent further objects to this Request to the extent it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b).

Respondent further objects to this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner's possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

Respondent objects to this Request insofar as it seeks to impose a burden on Respondent to produce documents beyond those that might reasonably be located through a good- faith search of locations likely to contain relevant and responsive documents.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce nonprivileged documents or communications in response to this request in folder "RFP 30" that can be identified through a reasonable, good-faith search.

**RFP NO. 31:** All documents, correspondence, and/or records relating to the Petitioner at Magia Loch in Bet Shemesh.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this request to the extent it appears to have been copied verbatim from Respondent's own Requests for Production of Documents to Petitioner, dated May 13, 2025. Respondent deliberately sought these documents from Petitioner because he does not possess them and cannot access them, as they are located in Israel.

Respondent further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents and/or records" without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent objects to this Request in that it seeks documents, communications, or information that are not relevant to this case, including any claims or defenses in this Action.

Furthermore, Respondent further objects to this Request to the extent that it seeks documents, communications, or information that are exempt from discovery or protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, confidentiality agreements, the doctor-patient privilege or any other applicable privilege, doctrine, protection, or immunity.

Respondent further objects to this Request to the extent it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b).

Respondent further objects to this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner's possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

Respondent objects to this Request insofar as it seeks to impose a burden on Respondent to produce documents beyond those that might reasonably be located through a good- faith search of locations likely to contain relevant and responsive documents.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, and based on the information available to Respondent, Respondent states that, at the time this response is made, there are no responsive documents to this Request.

**RFP NO. 32:** All documents that support any contention by you that the Children will face grave risk of psychological or physical harm if returned to Isreal, including but not limited to, to Petitioner's parents' home.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents and/or records" without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent objects to this Request in that it seeks documents, communications, or information that are not relevant to this case, including any claims or defenses in this Action.

Furthermore, Respondent further objects to this Request to the extent that it seeks documents, communications, or information that are exempt from discovery or protected by the

attorney-client privilege, the attorney work-product doctrine, the common interest privilege, confidentiality agreements, the doctor-patient privilege or any other applicable privilege, doctrine, protection, or immunity.

Respondent further objects to this Request to the extent it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b).

Respondent further objects to this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner's possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce nonprivileged documents or communications in response to this request in folder "RFP 32" that can be identified through a reasonable, good-faith search. Respondent notes that other documents responsive to this request can be found in other folders produced as part of Respondent's Production Response.

**RFP NO. 33:** Any Child Protective Services or welfare reports from New York related to the Children.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll documents and/or records" without regard for whether those documents are material or necessary to the prosecution or defense of this action or likely lead to the discovery of admissible evidence.

Respondent objects to this Request in that it seeks documents, communications, or information that are not relevant to this case, including any claims or defenses in this Action.

Furthermore, Respondent further objects to this Request to the extent that it seeks documents, communications, or information that are exempt from discovery or protected by the attorney-client privilege, the attorney work-product doctrine, the common interest privilege, confidentiality agreements, the doctor-patient privilege or any other applicable privilege, doctrine, protection, or immunity.

Respondent further objects to this Request to the extent it does not describe with reasonable particularity each document or category of materials requested as required by Federal Rule of Civil Procedure 34(b).

Respondent further objects to this Request to the extent that it seeks documents or information that is (i) publicly available, (ii) already in Petitioner's possession, custody, or control, and/or (iii) otherwise available from sources to which Petitioner already has access.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce nonprivileged documents or communications in response to this request in folder "RFP 33" that can be identified through a reasonable, good-faith search.

**RFP NO. 34:** All diaries, notes, memoranda, journals, or calendars, including electronic diaries, notes, memoranda, journals, or calendars, or other written logs that constitute or contain matters relevant to the subject matters of this lawsuit, including but not limited to the children's habitual residence, your rights of custody in the United States and the exercise of those rights, waiver, consent and/or acquiescence to the children's removal or retention, grave risk of harm, and any other defenses raised by you.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response. Respondent specifically objects to this Request to the extent it calls for or contains legal conclusions.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent will produce nonprivileged documents or communications in response to this request in folder "RFP 34" that can be identified through a reasonable, good-faith search.

**RFP NO. 35:** All documents that support the claims that you intend to raise in this Action not otherwise already produced in response to these requests and which you intend to rely on or use at trial.

**RESPONSE:** Respondent incorporates his General Objections, Objections to Definitions, and Objections to Instructions in their entirety into this response.

Subject to and without waiving the General Objections, Objections to Definitions, Objections to Instructions, or the foregoing Specific Objections, Respondent states that he has not completed his investigation of the facts relating to this case and has not completed preparation for trial.

In addition to documents produced to the above requests, which may or may not be used at trial, a preliminary response to this request is in folder "RFP 35." Other documents produced as part of Respondent's response to Petitioner's Request for Production may be used at trial. Petitioner specifically reserves the right to supplement responses with additional documents outside of those that have been produced in response to these Requests or previously provided to Petitioner by way of ECF filings, that he may use at trial.

Dated: June 20, 2025
        New York, New York

Respectfully submitted,

<u>/s/ Richard Min</u>
Richard Min
Michael Banuchis
Green Kaminer Min & Rockmore LLP
420 Lexington Avenue, Suite 2821
New York, NY 10170
Tel: (212) 681-6400
Fax: (212) 681-6999
rmin@gkmrlaw.com
mbanuchis@gkmrlaw.com


*Attorneys for Respondent*