# GREEN KAMINER MIN & ROCKMORE LLP

**Manhattan**  
420 Lexington Ave., Ste 2821  
New York, New York 10170  
T. 212.681.6400

**Long Island**  
600 Old Country Rd., Ste. 410  
Garden City, New York 11530  
T. 516.858.2115

October 1, 2025

**VIA ECF**

The Hon. Philip M. Halpern  
United States District Court  
Southern District of New York  
300 Quarropas St.  
White Plains, NY 10601-4150

  *Re*: P.F. v. Y.F.  
    Case No.  24-CV-02333 (PMH)

Dear Honorable Judge Halpern:

  On September 17, 2025, this Court issued an order directing the parties to file a joint letter outlining their "respective positions with citation to applicable caselaw on the issue of preclusion of Respondent's expert at trial" by October 3, 2025 (ECF No. 89).

  In accordance with the Court's Order, the parties respectfully submit the following positions:

**Petitioner's Position:**

  Under New York law [i]t is a misdemeanor for an unlicensed person to "use the title 'psychologist' or to describe his services by the use of the words 'psychologist', 'psychology' or 'psychological' in connection with his practice" (Education Law §§ 7601, 6513[1]). *People v. Abrams*, 177 A.D.2d 633 (2d Dept, 1991).

**Respondent's Position:**

  The Respondent has briefed the issue and respectfully contends that the fact that Respondent's forensic expert, Dr. Paul Stoltzfus, is not licensed to practice psychology in New York does not preclude him from testifying as an expert witness in this matter.

  Dr. Stoltzfus received a temporary waiver and approval letter from the New York State Board for Psychology and the State Education Department, authorizing him to render psychological services in New York State pursuant to Article 153, subsection 7605(8) of the Education Law. The waiver covered the following dates: July 21, 2025; July 28, 2025; and August 4, 2025. The Approval Letter, annexed hereto as **Exhibit A**, states that the ninety-day

temporary period (07/21/2025 – 10/18/2025) shall not exceed ten consecutive business days or, in the aggregate, more than fifteen business days.

Accordingly, Dr. Stoltzfus evaluated the subject children on July 21 and July 28, 2025. On September 4, 2025, Dr. Stoltzfus emailed the New York State Board of Psychology to inquire whether he was permitted to testify in this matter on behalf of the Respondent, notwithstanding the expiration of his waiver on October 18th. The Board confirmed that Dr. Stoltzfus does not require a waiver to testify in court. Further confirmation was obtained on September 16th, when a representative from our office contacted the Board and was advised that Dr. Stoltzfus does not need a supplemental license to testify, as he would be appearing solely in the capacity of an expert witness and not rendering additional psychological services.

This issue has previously been raised in Hague Convention Child Abduction cases. For example, in *Salazar v. Seagrave,* No. CV 00-841 JP/WDS, 2004 WL 7337792 (D.N.M. June 18, 2004), the court denied Petitioner's Motion to Disqualify [Respondent's Expert]'s Illegal Evaluation and to Bar it or Strike it as Evidence and held that the expert's "failure to comply with New Mexico's regulatory requirements for out-of-state psychologists to perform IPEs does not mandate the exclusion of [the expert's] expert testimony. The admissibility of his testimony will be determined at trial under the Federal Rules of Evidence and Daubert." *Id* at *3. In this matter, conversely to *Salazar* 2004 WL 7337792, Dr. Stoltzfus did comply with all regulations and got permission to render psychological services for a temporary period of time in the State of New York from the NYS Board of Psychology.

In addition, in *Mclean v. United States*, No. CV 9:17-2702-DCC, 2018 WL 4020220 (D.S.C. Aug. 23, 2018), the Court concluded that rather than focusing on professional licensing statutes, "the relevant inquiry should focus on whether the expert is qualified under the relevant evidentiary or statutory rule governing the offering of expert testimony" and "it is the knowledge, skill, experience, training, learning, or education that qualifies the expert witness, not the license[.] [T]he license only gives the right and privileges to practice." *Id* at *11. *See also Hamilton v. Silven, Schmeits & Vaughan,* No. 2:09-CV-1094-SI, 2013 WL 2318809, at *4 (D. Or. May 28, 2013) (*citing Harvey v. U.S.,* 2006 WL 1980623, *4 (D.Colo.2006) (holding that a medical expert may become familiar with the applicable standard of care through knowledge, skill, experience, training, or education); *Brett v. Berkowitz,* 706 A.2d 509, 517–18 (Del.Supr.1998) (holding that an out-of-state expert must demonstrate that he has familiarized himself with the local standard of care); *Jeffers, Mangels & Butler v. Glickman,* 234 Cal.App.3d 1432, 1443 (Cal.App.2d.1991) (holding that private study and contact with other professionals in a field may qualify an attorney as an expert)).

Furthermore, should this Court permit Dr. Stoltzfus to testify in this matter, the Petitioner will have the opportunity to challenge the Respondent's methodology through cross-examination. *Jacquety v. Baptista,* 538 F. Supp. 3d 325 (S.D.N.Y. 2021) (citing *In re Term Commodities Cotton Futures Litigation*, 12-CV-5126, 2020 WL 5849142, at *24 (S.D.N.Y. Sept. 30, 2020) ("The weight and credibility of the experts can and should be explored on cross-examination") (*citing Daubert v. Merrell Dow Pharmaceuticals*, Inc., 509 U.S. 579, 596, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)); *Packard v. City of New York*, 2020 WL 1479016, at *5

(S.D.N.Y. March 25, 2020) (disputes concerning expert's methodology went to weight, not admissibility) (internal citations omitted).

      Therefore, Respondent respectfully requests that the Court deny any forthcoming motion from the Petitioner attempting to preclude the Respondent's forensic expert from testifying at the evidentiary hearing of this action on October 27, 2025.

      Respectfully,

/s/Michael Banuchis
Michael Banuchis
*Attorney for Respondent*

cc: All Counsel (by ECF)

# EXHIBIT A



**THE STATE EDUCATION DEPARTMENT** / THE UNIVERSITY OF THE STATE OF NEW YORK / ALBANY, 12234

State Board for Psychology
Tel: 518 474-3817 ext. 150
Fax: 518 474-0126
E-mail: Psychbd@nysed.gov

July 16, 2025

Dear Dr. Paul Stoltzfus:

In response to your application, please be advised that the State Education Department has approved your representation as a psychologist and the rendering of services as such in New York State under Article 153 subsection 7605 (8) of Education Law for the following date(s):

- 07/21/2025
- 07/28/2025
- 08/04/2025

This ninety-day temporary period (**07/21/2025 – 10/18/2025**) shall not exceed ten consecutive business days or in the aggregate exceed more than fifteen business days.

The provisions of the above-cited statute do not allow for continued practice of psychology without a license or limited permit. The Department will not be able to grant additional periods for practice of psychology in New York State under Sub-section 7605 (8). Should you need to provide services beyond this timeframe, you would need to apply for full licensure. You can find application forms for full licensure at the following link: https://www.op.nysed.gov/professions/psychology/license-application-forms .

Please carry this with you during your dates of practice in New York State.

Sincerely,

New York State Board for Psychology