**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

In the Matter of B.F. and M.F.,    )
    )
P.F.    )
    )    No. 7:24-cv-2333 (PMH) (VR)
    Petitioner,    )
    )
vs.    )
    )    **JOINT STIPULATION OF FACTS**
    )    **AND CONCLUSIONS OF LAW**
Y.F.    )
    )
    Respondent.    )
_____)

        The parties respectfully submit that these proposed findings of fact and conclusions of law are to be utilized by the Court for all purposes during the trial:

**I. UNDISPUTED FINDINGS OF FACT**

        1.      The Respondent Y.F. (the "Respondent" or "Y.F.") is the subject Children's father. _See_ Respondent's Direct Testimony Affidavit at [1].

        2.      The Respondent is a United States citizen. Exhibit A.

        3.      The Petitioner, P.F. (the "Petitioner" or "P.F.") is the subject children's mother, who is an Israeli and American citizen. Exhibit E.

        4.      The parties are the parents of the two (2) children, M.F and B.F (the "Children"). _Id._

        5.      The Children are dual citizens of the United States and Israel. Exhibits C and D.

        6.      The parties were married on November 2, 2011, in Bnei Brak, Israel. Exhibit 4.

        7.      In October 2012, the couple moved to the United States, establishing their home and starting a family in New York. _See_ Respondent's Direct Testimony Affidavit at [26].

        8.      The parties' first child, B.F. was born on May 1, 2014, followed by the birth of M.F. on November 9, 2015. Exhibit E.

9.      Both Children were born in New York. *Id.*

10.     From 2012 through 2019, the family exclusively lived in New York. *See* Respondent's Direct Testimony Affidavit at [46].

11.     On April 4, 2023, Respondent brought the Children to New York for the Passover holiday with round trip tickets from Israel to the United States. *Id.*

12.     The Father and Children did not return to Israel on the return date.

13.     The Children have remained in New York since April 4, 2023. *Id.*

14.     On March 27, 2024, Petitioner filed her Verified Petition pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or "Convention") and the International Child Abduction Remedies Act ("ICARA") seeking the return of the Children to Israel and alleging that the Children were wrongfully retained from Israel in the Southern District of New York. Exhibit 1.

15.     On April 18, 2025, Respondent filed his Answer, asserting several defenses, including, *inter alia*, the Article 13(b) Grave Risk of Harm defense and the Mature-Age objection. Exhibit 2.

## II. UNDISPUTED CONCLUSIONS OF LAW:

### A.  The Hague Convention Framework

16.     Petitioner's Verified Petition is filed pursuant to the Hague Convention and ICARA. See 22 U.S.C. §§ 9001, *et seq.*

17.     The Convention came into effect in the United States on July 1, 1988, and was ratified between the United States and Israel on December 1, 1991.

18.     The objects of the Convention are as follows: (1) to secure the immediate return of children wrongfully removed or wrongfully removed in any Contracting State; and (2) to ensure

that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States. See  Hague Convention, Art. 1.

19.     The Hague Convention applies to cases in which one parent wrongfully removes or retains her or his child, who is under the age of sixteen (16) years, from the child's "habitual residence" in breach of the other parent's custodial rights, which were being exercised at the time of the wrongful retention of the child. See Hague Convention, Art. 3.

20.     The Hague Convention is implemented in the United States by ICARA. See 22 U.S.C. §§ 9001, *et seq.*

21.     ICARA "empower[s] courts in the United States to determine only rights under the Convention and not the merits of any underlying child custody claims." *Id.* § 9001(b)(4); *see* Convention, Art. 19, ("A decision under this Convention concerning the return of the child shall not be taken to be a determination on the merits of any custody issue").

**B.  Jurisdiction**

22.     The United States District Court for the Southern District of New York has jurisdiction pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction).

23.     Venue is proper pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b) because the Children and Respondent are currently residing in the Southern District of New York; and because this matter involves a claim of retention of two (2) children under the age of sixteen (16) from Israel in the United States of America.

Dated: October 3, 2025
       New York, New York


By: /s/ Richard Min_____          By: /s/Menachem White
Richard Min                        Menachem White
Michael Banuchis                   Emanuel Kataev
Camilla Redmond Costa              The White Law Group PLLC
Green Kaminer Min & Rockmore LLP   4 Brower Avenue, Suite 3
420 Lexington Avenue, Suite 2821   Woodmere, New York 11598
New York, New York 10170           Telephone: 516-504-4101
Telephone: 212-681-6400            Email: mwhite@wwlgny.com
Facsimile: 212-681-6999
Email: rmin@gkmrlaw.com

*Attorneys for Respondent*          *Attorneys for Petitioner*
Y.F.                                P.F.