# GREEN KAMINER MIN & ROCKMORE LLP

**Manhattan**
420 Lexington Ave., Ste 2821
New York, New York 10170
T.212.681.6400

**Long Island**
600 Old Country Rd., Ste. 410
Garden City, New York 11530
T. 516.858.2115

October 6, 2025

**VIA ECF**

The Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

  Re: P.F. v. Y.F.
    U.S. District Court, Southern District of New York - Case No. 24-CV-02333 (PMH)

Dear Honorable Judge Halpern:

  Respondent Mr. Felberbaum's counsel respectfully submits this letter to the Court to request a pre-motion conference pursuant to Your Honor's Individual Practices in light of the Petitioner's failure to comply with this Court's Order, issued on September 17, 2025 (ECF No. 89) (the "September 17th Order"), as well as other Orders in general. Specifically, Petitioner has not served Direct Testimony Affidavits, nor filed a Marked Pleading, pursuant to this Court's September 17th Order (ECF No. 89). We recognize that Respondent has already sought relief from this Court twice before – on May 30, 2025 (ECF No. 68) and on June 16, 2025 (ECF No. 73) – but Petitioner's latest refusal to abide by this Court's September 17th Order has left us with no choice but to file another pre-motion conference request.

  For context, on September 17, 2025, the parties appeared before Your Honor for a Status Conference. Following that conference, this Court issued an Order with amended pre-trial deadlines (ECF No. 89). Petitioner's counsel failed to abide by this Court's Order, including but not limited to, by not serving Direct Testimony Affidavits and filing a Marked Pleading, as well as copies of the pleadings that will be marked as Court Exhibits: The Amended Petition (Doc. 10) and Response (Doc. 57).[1]

  On October 6, 2025, Petitioner's counsel contacted our office to inquire whether we would consent to a motion for an extension of time to serve Petitioner's direct testimony affidavits by this Friday, October 10, 2025. Upon receiving a draft letter motion via email, we

---

[1]  Petitioner has also failed to abide by previous Court orders, including but not limited to, missing original deadlines for discovery demands and initial disclosures, missing the original deadline to serve a settlement proposal, failing to respond to our Motion for Protective Order and Proposed Findings of Fact and Conclusions of Law.

advised Petitioner's counsel that we did not consent to the requested extension. Annexed hereto as **Exhibit A** is today's correspondence between counsel.

Petitioner's counsel had ample opportunities to request an extension prior to the October 3, 2025 deadline. Respondent's counsel began emailing Petitioner's counsel regarding our joint deadlines on September 22, 2025. Petitioner's counsel had more than two weeks to prepare Petitioner's direct testimony affidavits. Becoming ill on the day of the deadline is not a justifiable excuse, especially when trial is only three (3) weeks away[2]. Moreover, even if Petitioner's counsel became ill on the day of the deadline, he should have been able to finalize the declarations shortly thereafter rather than require an additional week.

Further, the Court's Individual Practices and Rules clearly require that such requests be made at least two days in advance, not retroactively, as was done here. Rule 1(c) of Your Honor's Individual Practices and Rules states *verbatim*: "Absent an emergency, any request for adjournments or extensions must be made at least 48 hours prior to the scheduled appearance or deadline. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline."

Respondent's counsel complied with all deadlines on Friday, October 3, 2025. The only exception was the affidavit of Harry Sazatchel, which could not be finalized until Sunday due to a delay in obtaining his signature and the Sabbath starting Friday evening. Respondent's counsel truly apologizes for this delay. However, the direct testimony affidavits of the parties are central to the issues before the Court. Petitioner has now had the benefit of reviewing our filings and direct affidavits and seeks an additional week to tailor her direct testimony with the benefit of having Respondent's affidavits in advance. Furthermore, the October 8, 2025 deadline for identifying affiants for cross-examination cannot be met without access to Petitioner's affidavits. We are unable to properly advise our client or prepare for trial under these circumstances. The delay is evidently prejudicial to the Respondent.

Additionally, this Court has acknowledged multiple times on the Docket and at our Status Conference on June 26, 2025, that the Court will dismiss this action without prejudice if Petitioner's counsel's failure to comply with this Court's orders continued.

Respondent intends to seek various relief related to Petitioner's failure to abide by most, if not all, of the Court's orders, especially the September 17th Order which is severely prejudicial to Respondent, including sanctions and/or filing a motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. "Under [Rule 41(b)] and the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte,* and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of a judge's discretion." *Diaz v. Garland,* No. 24-CV-05553 (MMG), 2025 WL 19849 (S.D.N.Y. Jan. 2, 2025) (citing *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966) (per curiam); *see also Link v. Wabash R.R. Co., 370 U.S. 626, 629–30* (1962) (the authority of a federal court to dismiss a

---

[2] Petitioner's co-counsel, Emanuel Kataev - an attorney of record in this matter - was equally capable of serving the affidavits and filing the Marked Pleading. Mr. White is no longer litigating this case on his own.

plaintiff's action *sua sponte* for failure to prosecute "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts")).

Given the foregoing, we respectfully request that the Court schedule a pre-motion conference at its earliest convenience to address the issues referenced herein.

We thank the Court for its time and consideration of this matter.

Respectfully,

/s/Michael Banuchis
Michael Banuchis
*Attorney for Respondent*

cc: All Counsel (by ECF)

# EXHIBIT A

 Outlook

**Re: Proposed letter to court**

| | |
|---|---|
| **From** | Michael Banuchis <MBanuchis@gkmrlaw.com> |
| **Date** | Mon 10/6/2025 2:23 PM |
| **To** | MENACHEM White <mwhite@wwlgny.com>; Emanuel Kataev <emanuel@sagelegal.nyc>; Richard Min <rmin@gkmrlaw.com>; Camilla Redmond <credmond@gkmrlaw.com> |

Menachem,

We do not consent to any extension.

_____

**Michael Banuchis | Green Kaminer Min & Rockmore LLP**
420 Lexington Ave. Ste. 2821|New York, NY 10170
New York City Office | The Graybar Building |420 Lexington Avenue - Suite 2821 | New York, NY 10170
O: 212.681.6400|D: 212.257.1945|F: 212.681.6999
mbanuchis@gkmrlaw.com|www.gkmrlaw.com

Nassau County Office | 600 Old Country Road - Suite 410 | Garden City, NY 11530
O: 516-858-2115 | F: 516-228-4278
_____

**ATTENTION:**
This electronic message transmission contains information from a law firm which may be confidential or privileged. This information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. You should delete the message and attachments without printing, copying, forwarding or saving them. If you have received this electronic transmission in error, please notify the sender immediately.
Disclosure under IRS Circular 230: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and may not be used, for the purpose of avoiding tax-related penalties under federal, state or local tax law or promoting, marketing or recommending to another party any transaction or matter addressed therein.

---

**From:** MENACHEM White <mwhite@wwlgny.com>
**Sent:** Monday, October 6, 2025 2:18 PM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>; Michael Banuchis <MBanuchis@gkmrlaw.com>; Richard Min <rmin@gkmrlaw.com>; Camilla Redmond <credmond@gkmrlaw.com>
**Subject:** Proposed letter to court

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear counsel,

Please see attached proposed letter to court and let me know your position on both issues.

Very truly yours,

Menachem White, Esq.


\--
\--
The White Law Group
Nassau County Office
4 Brower Avenue, Suite 3
Woodmere, New York 11598
(516) 504-4101

Brooklyn Office
26 Court Street Suite 405
Brooklyn, New York 11242
P: (718) 858-4500
F: (718) 596-2610

Email: Mwhite@wwlgny.com
Website: FAMILYATTORNEYNY.COM

We do not accept service by email or facsimile

The information contained in this communication is confidential and may be legally privileged. It is intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient you are hereby (a) notified that any disclosure, copying, distribution or taking any action with respect to the content of this information is strictly prohibited and may be unlawful, and (b) kindly requested to inform the sender immediately and destroy any copies. The sender is neither liable for the proper and complete transmission of the information contained in this communication nor for any delay in its receipt.