UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In the Matter of B.F. and M.F., | ) | No. 7:24-cv-02333-PHM |
| | ) | |
| PERL FELBERBAUM | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| YAAKOV FELBERBAUM | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |

**PETITIONER'S MEMORANDUM OF LAW IN OPPOSITION TO RESPONDENT'S MOTION SEEKING AN *IN CAMERA* INTERVIEW OF THE SUBJECT CHILDREN**

1

## History of the Case

1) It should first be noted that counsel for the Respondent did not reach out to your affirmant to discuss this motion prior to filing it, pursuant to Court Rules. See Rules 2(C) and 4(F) of this Court's Individual Practices in Civil Cases.

2) Prior to Respondent's wrongful retention of B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 in New York, Petitioner possessed valid rights of custody and was exercising rights of custody over B.F., Date of Birth May 1, 2014 and M.F., Date of Birth September 11, 2015 in Bnei Brak, Israel.

3) The children are now 11 and 9 years old. However, they were 9 and 7 when they were kidnapped from Israel and the mother's custody by the father, who unilaterally and wrongfully cut off all contact with the Petitioner mother since the kidnapping.

4) A relevant question for the court is whether the children are "of sufficient age ... [and] of sufficient maturity for [their] views about return to be given weight." *Swett v. Bowe*, 733 F. Supp. 3d 225, 271 (S.D.N.Y.), *aff'd sub nom. Urquieta v. Bowe*, 120 F.4th 335 (2d Cir. 2024).

5) Indeed, "there is no precise age at which a child will be deemed sufficiently mature under the Convention." *Id*.

6) The child's maturity is "a question for the district court, to be determined upon the specific facts of each case." *Id*.

7) There is undue influence as the father has cut the children from their mother, has hidden his address, the schools of the children and almost all of the information about the children's lives for over two (2) years.

8) Under Article 13, a "child's views concerning the essential question of [his or her] return or retention may be conclusive" provided the child has "attained an age and degree of maturity sufficient for its views to be taken into account. See Elisa Pérez-Vera, Hague Convention *on the Civil Aspects of International Child Abduction: Explanatory Report* ¶ 30 ("Pérez-Vera Report"); see also *Gitter*, 396 F.3d at 129 n.4 (recognizing Pérez-Vera Report as "an authoritative source for interpreting the Convention's provisions").

9) However, it bears emphasis that the Convention merely calls for a court to "take account of" a mature child's objection to return, not to accede to it automatically. *Haimdas v. Haimdas, 720 F.Supp.2d 183* (EDNY, 2010).

10) Further, a court always retains discretion to order repatriation notwithstanding the applicability of any Hague Convention exception if that would best fulfill the purposes of the Convention; the discretionary aspect is particularly important with respect to the mature child exception "because of the potential for undue influence by the person who allegedly wrongfully retained the child." Hazbun Escaf, 200 F.Supp.2d at 615.

11) "[I]t would be very difficult to accept that a child of, for example, fifteen years of age, should be returned against [his or her] will." See Pérez-Vera Report ¶ 30.

12) However, "the exception must be construed narrowly so its application does not undermine the express purposes of the Convention." *Velozny*, 550 F. Supp. 3d at 22 (cleaned up) (citing *Yang v. Tsui*, 499 F.3d 259, 278 (3d Cir. 2007)).

13) And "proving that the defense applies is not dispositive; courts ultimately retain discretion to order repatriation despite that showing." *Id.*; see *Haimdas v. Haimdas*, 720 F. Supp. 2d 183, 204 (E.D.N.Y.), *aff'd*, 401 F. App'x 567 (2d Cir. 2010) ("[A] district court can decline to order return of a wrongfully retained or removed child on [this] ground alone").

14) In *Tsai–Yi Yang v. Fu–Chiang Tsui*, the 3rd Circuit Court ruled that [e]ven if the record supported a finding that [respondent] met his burden of proving the applicability of the exception to this case, it cannot be said that the District Court abused its discretion by refusing to apply the exception," because that "would reward [respondent] for violating [petitioner's] custody rights, and defeat the purposes of the Convention. *Tsai–Yi Yang v. Fu–Chiang Tsui,* 499 F.3d 259, 280 (3rd Cir.2007).

15) In *Giampaolo v. Erneta*, the District Court ruled that:

> [T]he Child has been in the United States with Respondent exclusively for over two (2) years. The Child only recently saw Petitioner on August 11, 2004, when Petitioner came to the United States for this evidentiary hearing. Naturally, the Child is now accustomed to the United States and has been influenced by Respondent's preference for her to remain here. The Child appears to have internalized Respondent's views about the possibility of being returned to Argentina and being around Petitioner. The Court does not wish to imply that the Child expressed no independent thoughts, but the testimony of the Child must be weighed and considered in its entirety.

*Giampaolo v. Erneta*, 390 F.Supp.2d 1269 (NDGA, 2004).

16) Jeremy Morley,[1] the author of a treatise on Hague Convention cases, has stated that the result may seem harsh because the objecting child was both old enough and mature enough.

17) However, the passage of time and amount spent after the abduction occurred had presumably influenced the child.

18) First, the mindset of the children have been altered by the father.

19) The father in this case has surrounded the children with his family and cut off the Mother's family from them.

---

[1] The Hague Abduction Convention: Practical Issues and Procedures for Family Lawyers, By Jeremy D Morley Fourth Edition, Page 232.

20) This complete alienation of the Mother and her family will force an allegiance to the father and his wants.

21) The failure of the trial judge to interview the child was not plain error. See Tahan v. Duquette, 259 N.J. Supp. 2d 953 (1992) (citing *R*. 2:10–2).

22) To the contrary, an interview with the judge, under the circumstances before the court, could not have served a useful purpose. *Id.*

23) Article 13 of the Convention excuses the duty to return if a child of appropriate age and maturity objects. This standard simply does not apply to a nine-year old child. *Id*.

24) The Third Circuit further found in Yang that the attachment that [the child] had to Pittsburgh and her family there were created because of Tsui's wrongful retention of Raeann. *Yang v. Tsui*, 499 F.3d 259, 278 (3d Cir. 2007).

25) The Third Circuit found that the time when Raeann resided with Tsui, Raeann grew attached to her family and life in Pittsburgh and that it was the passage of time during the years of wrongful retention and litigation of this case that created Raeann's desire to remain in Pittsburgh. *Id.*

26) If the District Court applied the exception in this case, it would encourage parents to wrongfully retain a child for as long as possible. *Id.*

27) A lengthy wrongful retention could enable the child to become comfortable in his or her new surroundings, which may create a desire to remain in his or her new home. *Id.*

28) The application of the exception in this case would reward Tsui for violating Yang's custody rights, and defeat the purposes of the Convention. *Id.*

29)   Similarly, the Father's unilateral actions of cutting off the Mother and the maternal family, along with the fact that the children have been with the father for over two (2) years, the fact the children were 7 and 9 when the kidnapping occurred and the fact the children have been under the influence of the father all this time preclude any credibility of the children giving testimony that is not influenced by the father and/or his family.

30)   Moreover, there is some authority to support the proposition that the views of the child who has been away from the habitual residence for a substantial period of time should be discounted because the child[ren] will obviously not want to be uprooted again.[2]

31)   Wherefore, it is respectfully requested that the children not be interviewed by the Honorable Court.

Dated: October 10, 2025
Woodmere, New York

Respectfully submitted,
WHITE LAW GROUP, PLLC
By: /s/ Menachem White, Esq.
Menachem White, Esq.
4 Brower Avenue, Suite 3
Woodmere, New York 11598
(516) 504-4101 (office)
(347) 628-5440 (cellular)
mwhite@wwlgny.com

*Attorneys for Petitioner*

---

[2] The Hague Abduction Convention: Practical Issues and Procedures for Family Lawyers, By Jeremy D Morley Fourth Edition, Page 227