THE WHITE LAW GROUP, PLLC
4 Brower Avenue, Suite 3
Woodmere, New York 11598
Phone (516) 504-4101

October 31, 2025

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Philip Morgan Halpern, U.S.D.J.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

      *Re:*    **Felberbaum v. Felberbaum**
              <u>**Case No.: 24-CV-02333 (PMH)**</u>

Dear Judge Halpern:

This firm represents the Petitioner P.F. (the "Petitioner") in the above-referenced case. Petitioner respectfully submits this letter motion in accordance with the Honorable Court's Order. ECF

**I. Introduction and Relief Sought**

The Petitioner urges the Court to disregard or assign zero probative weight to the testimony and records of the child's treating social worker and reject the Respondent Father's expert testimony that relied upon it.

The Petitioner maintains that this evidence fundamentally violates the Federal Psychotherapist-Patient Privilege established in *Jaffee v. Redmond*, 518 U.S. 1 (1996), and that its disclosure also violated the procedural safeguards of the HIPAA Privacy Rule.

Petitioner respectfully requests a final Order:

A. Finding that the Federal Psychotherapist-Patient Privilege was not waived.

B. Disregarding all testimony and records derived from the privileged communications.

C. Rejecting the opinion of Respondent's expert as based on an inadmissible foundation.

D. Ordering the return of the child to Israel, as Respondent failed to meet his burden for the grave risk of harm defense (Article 13(b)) with non-privileged evidence.

## II. Core Arguments for Exclusion

The children were wrongfully retained by the Respondent Father in New York. The father is attempting to use the Article 13(b) "grave risk of harm" defense to prevent their return to their habitual residence in Israel. To support this defense, he introduced: (1) the Treating Social Worker's Testimony and records; and (2) Respondent's Expert Testimony, which explicitly relied on the social worker's privileged material.

A. Privilege is Absolute and Not Waived:

1. The Federal Psychotherapist-Patient Privilege is binding and absolute, intended to ensure the public good of mental health by creating an "atmosphere of confidence and trust."

2. The Petitioner timely asserted the privilege on the child's behalf, and absent a valid, express waiver, the evidence must be disregarded.

3. The narrow scope of Article 13(b) precludes an implied "at issue" waiver because:

   - The Hague Convention is anti-merits and meant to be a summary proceeding, not a full custody battle.

   - Allowing waiver here would establish a perverse precedent, forcing a child to forfeit their right to confidential treatment to litigate their need for protection.

B. HIPAA Violation and Improper Foundation:

1. The disclosure of Protected Health Information (PHI) violated the HIPAA Privacy Rule because it was not based on a formal Court Order or Qualified Protective Order (QPO), but rather a verbal instruction and the purported waiver of only one parent, despite the active objection of the other.

2. This procedural defect and the fundamental nature of the privilege mean the evidence must be assigned zero probative weight as a matter of judicial policy, upholding the Supreme Court's determination that the need for confidentiality outweighs the evidence's limited marginal value.

3. Since the Respondent's expert opinion was based substantially on the inadmissible, privileged records and testimony, its entire foundation collapses under Federal Rule of Evidence 703.

**III. Conclusion**

    For the forgoing reasons, the petitioner respectfully request the Honorable Court exclude the testimony of the treating social worker, and the expert as it is derived from the privileged communication between the children and their treating social worker.

Dated: October 29, 2025
       Woodmere, New York

                                    Respectfully submitted,
                                    /s/Menachem White, Esq
                                    Menachem White, Esq
                                    Browar Ave, Suite 3
                                    Woodmere, New York 11598
                                    Attorney for Petitioner