# Green Kaminer Min & Rockmore LLP

| | |
|---|---|
| **Manhattan** | **Long Island** |
| 420 Lexington Ave., Ste 2821 | 600 Old Country Rd., Ste. 410 |
| New York, New York 10170 | Garden City, New York 11530 |
| T.212.681.6400 | T. 516.858.2115 |

October 31, 2025

**VIA ECF**

The Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

    *Re*:    *P.F. v. Y.F.*
              Case No.  24-CV-02333 (PMH)

Dear Judge Halpern:

      We represent the Respondent in the above-referenced Hague Convention proceeding. This letter is submitted pursuant to the Court's direction that the parties brief the issue of Petitioner's belated request to exclude Dr. Stoltzfus' testimony due to lack of a HIPAA release.

      Mr. Felberbaum executed releases for both children for Dr. Stoltzfus, which are attached hereto collectively as **Exhibit A**. Mr. Felberbaum has the legal authority to authorize the release of the children's Personal Health Information (PHI). *See* 45 C.F.R. § 164.502(g) (providing that a parent is generally the personal representative of a minor child and may authorize the disclosure of protected health information). Further, the Children's treating physician, Harry Szatchel, referenced in the Petitioner's letter filed today (ECF No. 117), testified that he had a HIPPAA release form for the children. These releases should address any concern regarding disclosure of medical information to the extent such release occurred.

Respondent notes that Dr. Stoltzfus was not a medical provider, did not treat the children, and did not diagnose them, so it is unclear whether HIPAA rules are even applicable to his engagement even after conducting thorough legal research on the issue.

A relevant consideration is that the children's medical status is at issue in this litigation, which typically waives privacy rights to medical records. *See Barnes v. Glennon*, No. 9:05–CV–0153 (LEK/RFT), 2006 WL 2811821, at *4 (N.D.N.Y. Sept.28, 2006) ("Although the release of the medical records was not pursuant to a discovery order or by consent, the release, nevertheless, did not violate Plaintiff's constitutional right to privacy since medical conditions were at the heart of the argument presented by Plaintiff in his habeas corpus petition...."); *Woods v. Goord*, No. 01–CV–3255 (SAS), 2002 WL 731691, at *11 (S.D.N.Y. Apr.23, 2002) ("It is settled law that release of an inmate's medical records in defense of litigation does not violate any right of the inmate when he has filed suit against prison officials.") (*citing Gill v. Gilder*, No. 95 Civ. 7933, 1997 WL 419983, at *2 (S.D.N.Y. July 28, 1997)). Petitioner has seemingly argued that the children do not have PTSD or that their PTSD diagnoses were faulty. She should not be permitted to block access to their medical information under these circumstances.

Also relevant is that HIPAA does not provide a private remedy for its violation. *See Meadows v. United Servs., Inc.,* 963 F.3d 240, 244 (2d Cir. 2020). Enforcement of HIPAA rests solely with the Secretary of Health and Human Services. *Id.* Further, HIPAA does not provide for exclusion of evidence as a remedy for its violation. *United States v. Streich*, 560 F.3d 926 (9th Cir. 2009) ("HIPAA does not provide any private right of action, much less a suppression remedy."); *United States v. Frazin*, 780 F.2d 1461, 1466 (9th Cir. 1986) ("Had Congress intended to authorize a suppression remedy, it surely would have included it among the remedies it expressly authorized.").

Further, Petitioner's counsel had the opportunity to cross-examine Dr. Stoltzfus on his methodology through cross-examination. *Jacquety v. Baptista,* 538 F. Supp. 3d 325 (S.D.N.Y. 2021) (citing *In re Term Commodities Cotton Futures Litigation*, 12-CV-5126, 2020 WL 5849142, at *24 (S.D.N.Y. Sept. 30, 2020) ("The weight and credibility of the experts can and should be explored on cross-examination") (*citing Daubert v. Merrell Dow Pharmaceuticals*, Inc., 509 U.S. 579, 596, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)); *Packard v. City of New York*, 2020 WL 1479016, at *5 (S.D.N.Y. March 25, 2020) (disputes concerning expert's methodology went to weight, not admissibility) (internal citations omitted).

Therefore, even assuming arguendo that the HIPAA release form was necessary - which Respondent disputes - that issue pertains to the weight and credibility of Dr. Stoltzfus's testimony, not its admissibility. *See Salazar v. Seagrave,* No. CV 00-841 JP/WDS, 2004 WL 7337792 at *3 (D.N.M. June 18, 2004) (expert's "failure to comply with New Mexico's regulatory requirements for out-of-state psychologists to perform IPEs does not mandate the exclusion of [the expert's] expert testimony. The admissibility of his testimony will be determined at trial under the Federal Rules of Evidence and Daubert.")

Petitioner's haphazard late application to suppress Dr. Stoltzfus' testimony just before summation has no legal basis and was made on the faulty assumption that no waiver was provided. It should be summarily denied, and the Court should consider the relevant evidence provided by Dr. Stoltzfus. We thank the Court for its time and consideration in this matter.

Respectfully,

/s/Michael Banuchis
Michael Banuchis
*Attorney for Respondent*

cc: All Counsel (by ECF)