UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PERL FELBERBAUM,

               Petitioner,

-against-

YAAKOV FELBERBAUM,

               Respondent.

**ORDER**

24-CV-02333 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Petitioner moved the Court on October 28, 2025, just prior to summations in the bench trial of this action, for a directed judgment in her favor.[1] The motion specifically requested to strike the testimony of Respondent's expert witness, Dr. Paul Stoltzfus, on the grounds that his testimony violated Federal Rule of Evidence 504[2] because he did not prove that he had an executed HIPAA release permitting him to release information about the Children, or a subpoena commanding his testimony. After hearing from Respondent, the Court reserved decision on Petitioner's motion and directed the parties to each file letters by noon on October 31, 2025 regarding Petitioner's request to exclude the written and oral testimony of Dr. Stoltzfus based on the purported failure to obtain HIPAA authorization. The parties each filed letters as directed. (Doc. 117; Doc. 118).

      Federal Rule of Civil Procedure 52(c) permits the Court, during a nonjury trial, to enter judgment on any issue after a party has been fully heard on that issue. If entering judgment, "the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P.

---

[1] Petitioner purported to move under Federal Rule of Civil Procedure 50(a). Rule 50 is expressly limited to jury trials, so it is inapplicable in this bench trial, in which the Court is the sole factfinder. *See* Fed. R. Civ. P. 50(a)(1).

[2] Of course, there is no Rule 504 in the Federal Rules of Evidence. Petitioner thereafter revised her request to one under Rule 501.

52(a); *see id*. 52(c). "Rule 52(c) authorizes the court to make credibility determinations and resolve disputed issues of fact, applying the same standard of proof and weigh[ing] the evidence as it would at the conclusion of the trial." *Aquino v. Alexander Cap., LP*, No. 21-CV-01355, 2023 WL 4364449, at *1 (S.D.N.Y. July 6, 2023) (internal quotation marks omitted), *aff'd*, No. 23-1109(L), 2024 WL 2952497 (2d Cir. June 12, 2024). "Rule 52(c) does not require that the court wait until a party rests its case in chief to enter judgment against that party pursuant to Rule 52(c)," *id*. at *2 (cleaned up), although, here, Petitioner made her motion under Rule 52(c) after Respondent had presented his entire case and gave a closing statement.

Petitioner's motion was a belated attempt to preclude Dr. Stoltzfus' testimony and not a Rule 52(c) motion. Petitioner's October 31, 2025 letter crystalizes that fact; and also impermissibly seeks to expand the scope of her motion, "urg[ing] the Court to disregard or assign zero probative weight to the testimony and records of the child's treating social worker [Dr. Harry Szachtel] and reject the Respondent Father's expert [Dr. Paul Stoltzfus] testimony that relied upon it." (Doc. 117).

This was not the first opportunity Petitioner had to move to preclude this expert testimony, nor was it the first time Petitioner sought to preclude his testimony. Pursuant to the Civil Case Discovery Plan and Scheduling Order entered in this case on April 29, 2025 (Doc. 58), motions *in limine* were due by July 15, 2025. (*See also* Doc. 69). That deadline was thereafter extended to August 15, 2025. (Doc. 79). Petitioner did not move *in limine* to preclude Dr. Stoltzfus from testifying as an expert. One month after the extended deadline passed, on September 17, 2025, during a pre-trial conference, Petitioner argued that Dr. Stolzfus should be precluded because he is not licensed to practice psychology in the State of New York. The Court directed the parties to file a joint letter outlining their respective positions on this issue, which they did on October 1,

2025. (Doc. 95). On October 20, 2025, at the final pre-trial conference, the Court denied Petitioner's motion to preclude the expert on the ground raised by Petitioner, without prejudice to raising appropriate objection at trial under the Federal Rules of Evidence or *Daubert*. (Doc. 111). On the eve of trial on October 24, 2025, Petitioner filed a motion to preclude Dr. Stolzfus' expert testimony. (Doc. 113). Petitioner argued that the methodology he employed was compromised because of the physical presence of a third-party Rabbi during the sessions with the Children, and because he did not interview Petitioner in connection with the formation of his opinions. The Court denied the motion on the grounds that Petitioner's arguments presented fertile ground for cross-examination, but did not support preclusion. (Doc. 116). At no time prior to trial did Petitioner raise the issue that Dr. Stolzfus purportedly failed to obtain HIPAA releases, nor did she argue that failure to obtain HIPAA releases constitutes a ground for preclusion. At no time during the cross-examination of Dr. Stolzfus did Petitioner even inquire as to whether he had obtained HIPAA releases in connection with his examination of the Children.

Petitioner's belated request to preclude Dr. Stoltzfus' testimony due to a purported lack of HIPAA release is DENIED. As an initial matter, both the treating social worker, Dr. Szachtel, and Respondent's expert, Dr. Stolzfus, did obtain HIPAA releases. (*See* Doc. 118-1). In any event, Petitioner has not established that a HIPAA release form is necessary in these circumstances, or is a prerequisite to testifying as an expert generally. (Doc. 117). Disputes concerning an expert's methodology go to weight, not admissibility. *See Packard v. City of New York*, No. 15-CV-07130, 2020 WL 1479016, at *3 (S.D.N.Y. Mar. 25, 2020). Petitioner had a fulsome opportunity to conduct cross-examination of Dr. Stolzfus at trial. His testimony will not be stricken on this ground that was belatedly raised by Petitioner. To the extent that Petitioner requests the Court not afford any weight to Dr. Stolzfus' testimony due to a purported HIPAA violation, Petitioner has not cited

any authority for that position in her letter nor has she made any coherent argument in support thereof. The Court is unpersuaded that any purported lack of HIPAA release affects the weight to be given Dr. Stolzfus' expert testimony, especially given the existence of executed HIPAA releases.

    Accordingly, Petitioner's Rule 52(c) motion is DENIED.

                                       **SO ORDERED:**

Dated:  White Plains, New York
           November 3, 2025

                                       PHILIP M. HALPERN
                                       United States District Judge